JESSEE COOPER, *Admr. &c.* v. SILAS ARMSTRONG, *Guardian, &c.*

### Error from Wyandotte County.

On an appeal from an order of the Probate Court for the sale of lands inventoried as the property of decedent to pay debts, the. District Court rendered judgment that the judgment of the Probate Court " be reversed."

*Semble*, on an appeal, the case is to be tried *de novo ; Held* that the District Court should have tried the case and rendered its own judgment on the merits, and the record should show what its conclusion was.

The District Court could try nothing but what the Probate Court could. It could not try title to land. All it could do, was to see if the personal assets were insufficient to pay the debts, and if so, order the real estate inventoried to be sold.

District Court ordered to try the case *de novo.*

The facts of the case sufficiently appear in the subjoined opinion of the court.

*Cooper & Stockton*, for plaintiff in error.

*A. B. Bartlett*, for defendant in error.

The case was argued by *Cooper* for plaintiff, and by *Bartlett* for defendant in error.

*By the Court*, CROZIER, C. J.

The plaintiff in error commenced a proceeding in the Probate Court of Wyandotte county to obtain an order for the sale of the real estate of the decedent to pay debts and obtained an order to that effect, from which judgment

the defendant in error appealed to the District Court. Some sort of a trial was had there and judgment rendered, that the judgment of the Probate Court " be reversed." This judgment is complained of as erroneous. The most we can make out of the record is that the defendant denied any title to the land in the plaintiff's intestate, and claimed it as the property of his wards. It was inventoried as the property of the decedent. The question of title was tried and all the judgment rendered was the one above recited.

This was evidently erroneous. The District Court could properly try nothing but what the Probate Court could try, and the latter could not try the title to the land. All it could do was to ascertain if the personal assets were insufficient to pay the debts, and if so, order the real estate inventoried to be sold. The District Court could do the same things and no more.

If in the trial in the District Court it was found that the facts necessary to enable the Probate Court to make an order of sale did not exist, then the petition should be dismissed and this judgment be certified to the lower court, where it would have the same effect as a judgment of that court. On appeal where the case is to be tried *de novo*, the superior court does not reverse the judgment of the inferior tribunal, but renders its own judgment upon the merits. It is very likely that the District Court came to a different conclusion from that arrived at by the Probate Court, but whether it did or not, the record should show what its conclusion was. Its duty was to try the case and not to review the action of the court below.

The order reversing the judgment of the Probate Court will be vacated and the District Court ordered to proceed to try the case *de novo*.

All the justices concurring.