CHARLES R. BOSTICK, *County Attorney of Noble County,* V. BOARD OF COUNTY COMMISSIONERS OF NOBLE COUNTY.

(Filed September 4, 1907.)

(91 Pac. 1125.)

1. TAXATION—Certificates of Error—County Commissioners May Issue, When. By section 1, article 1, chapter 31, of the Session Laws of 1905, boards of county commissioners of the various counties of Oklahoma are authorized to issue certificates of error to taxpayers upon a proper showing in three classes of cases: First, where the same property has been assessed more than once for taxes of the same year; second, where the property has been assessed in the county for the year to which the same was not subject; third, where the property has been destroyed by flood or tornado to the extent of at least fifty per cent. of its cash value. In no other case or class of cases is there any provision for issuing certificates of error for taxes on property erroneously assessed.

2. SAME—Acts of City Board of Equalization. Where an assessment of property is made, and the board of equalization of the city within which such property is located raises the valuation of such property for the purpose of taxation, the board of county commissioners have no authority under the law to issue to the owner of such property a certificate of error upon the theory or because of the fact that the action of the board of equalization was unwarranted and without authority of law.

3. SAME—Review by District Court—Restricted Jurisdiction. Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only, which is the jurisdiction that the inferior tribunal had and none other; and in such case the district court cannot convert such action into an action of equity and assume a jurisdiction of equity that the inferior tribunal did not have.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

Reversed.

*Charles R. Bostick,* for plaintiff in error.

*S. H. Harris* and *L. L. Cowley,* for defendant in error.

Opinion of the court by

PANCOAST, J.: On the 3rd day of January, 1906, the Perry Mill Company filed a petition before the board of county commissioners of Noble county asking for a certificate of error in the amount of $1,594.62, on the ground that the tax levy for the year 1905 was erroneous and excessive, by reason of a mistake made by the board of equalization of the city of Perry. The petition is as follows:

"Application of the Perry Mill Company for Certificate of Error.

"Comes now the Perry Milling Company, by D. R. McKinstry, and complains to the honorable board of county commissioners that the taxes assessed against him for the year 1905 are erroneous and excessive; that the original assessment made by the assessor was raised beyond all reason by the city board of equalization, without authority of law and by the reason of a mistake made by the city board, as evidenced by Exhibit A, hereto attached and made a part hereof. Your complainant therefore prays that a certificate of error in the sum of $1,594.62 be issued to said Perry Milling Company by said board of county commissioners:

```
Amount charged on tax rolls:
        Real estate, value $16,718.00, taxes ..............$1,504.62
        Personal, value $11,000.00, taxes .....................  990.00
Amount as  per schedule and exhibit A .........................$2,494.62
Real estate and personal, $10,000.00 ......................:....  900.00
        Taxes erroneously charged ...............................$1,594.62
```

"[Signed]  PERRY MILLING COMPANY.
"PER D. McKINSTRY.

"Subscribed and sworn to before me this 2nd day of January, 1906.

[SEAL]                      "C. L. RITTER, Notary Public.
"My Commission expires May 25, 1909.

"H. L. Boyes, being duly sworn, deposes and says that he has read the foregoing petition and upon his oath states that the matters and things therein alleged are true as he verily believes.

"[Signed] H. L. BOYES.

"Subscribed and sworn to before me this 2nd day of January, 1906.

"JAS. M. TAYLOR, Notary Public.

"My commission expires Sept. 26, 1909.

"Filed Jan. 3d. 1906, JOSEPH E. DOLEZAL, County Clerk.

"Exhibit A.

"Perry, Okla., Dec. 7, 1905.

"To the Honorable Board of County Commissioners—

"Gentlemen: Upon reflection, and reviewing the matter, we feel that the assessment made against the Perry Mill Company last spring was a mistake, and by making comparison with other institutions of this city, we feel that an assessment on real estate and personal property for $10,000.00 is fair and just, and ask that you please give this matter your consideration and make the correction above stated.

"Very respectfully,

"C. S. MINOR, Assessor.

"F. M. BUSCH, Clerk.

"A. E. SMYSER, Mayor.

"To Whom It May Concern:

"This is to certify that to the best of my knowledge and belief our elevator, situated in the city of Perry, Oklahoma, did not contain to exceed ten thousand bushels of wheat an the first of March, 1905.

"[Signed] D. McKINSTRY.

"Subscribed and sworn to before me, a notary public, this 7th day of December, 1905.

[SEAL]                         "C. L. RITTER, Notary Public.

"My commission expires May 25th, 1909."

Said petition was acted upon by the board of county commissioners and a certificate of error was issued as prayed for. On the 20th day of January, 1906, a petition was presented to Charles R. Bostick, county attorney of Noble county, by more than seven resident taxpayers of Noble county, asking that he, as county attorney, appeal to the district court from the aforesaid decision of said board of county commissioners, and on the 22nd day of January, 1906, said county attorney filed his notice of appeal with the county clerk and duly perfected the same. On the 24th day

of February, 1906, said cause was heard by the district court upon the merits.  Some evidence was introduced by the respective parties, the plaintiff contending that the board of equalization had increased the valuation as returned by the assessor, and that such assessment was excessive as returned by the board of equalization; further, that no evidence had been heard by the board of equalization, but that the increase of valuation had been made upon information coming from other sources.  No evidence was offered on behalf of the Perry Mill Company tending to show that the same property had been assessed more than once, or had been assessed in the county for the taxes of a year to which the same was not subject, or that the property had been damaged by flood or tornado.  At the close of the evidence of the plaintiff the county attorney demurred to the same, which demurrer was overruled.  The county attorney then attempted to show that the same proposition had been before the board of county commissioners prior to the time of this action, and the relief prayed for had been refused.  This evidence was excluded by the court, and the court rendered judgment approving and affirming the action of the board of county commissioners.  The appeal was taken from this order.  Motion for new trial was filed and overruled.

It is contended by the plaintiff in error that under the statutes of Oklahoma a board of county commissioners has no jurisdiction or power to correct an alleged erroneous aassessment upon any other ground than because the same "has been assessed more than once for the taxes of the same year or has been assessed in the county for the taxes of a year to which the same was not subject, or where the property of the complainant has been destroyed by flood or tornado; second, the jurisdiction of the district court when proceeding upon an appeal from an inferior tribunal does not extend beyond the jurisdiction of that tribunal from which the appeal arose."  The statute referred to by the plaintiff in error is section 5972, Wilson's Rev. & Ann. St. 1903, which is as follows:

"The boards of county commissioners of the various counties of the territory of Oklahoma are hereby empowered to correct, either upon the assessment rolls or upon the tax rolls of the county, any double or erroneous assessment of property for taxation for any particular year, in the manner provided in the next section, and not otherwise: Provided, that this act shall in no wise be construed as a grant of power to boards of county commissioners to equalize valuations of property for taxation, as between individuals."

Section 1 of article 1, chapter 31, Session Laws of 1905, amending section 5973 of Wilson's Rev. & Ann. St. 1903, provides as follows:

"That section 5973 of Wilson's Revised and Annotated Statutes of Oklahoma be, and the same is hereby amended to read as follows: 'Section 61. Whenever, at either of the regular meetings of the said boards in January, April, July and October, upon complaint of the person or persons beneficially interested, their agent or attorney, it shall be made to appear, by the testimony of the claimant and at least one reputable witness, borne out by the records of the county, that the same property, whether real or personal, has been assessed more than once for the taxes of the same year, or the property, whether real or personal, has been assessed in the county for the taxes of a year to which the same was not subject; or where the property of the complainant, whether real or personal, has been destroyed by flood, or tornado to the extent of at least fifty per cent. of its cash value, which said damage or decrease in value shall be established by the testimony of at least five reputable witnesses who shall be freeholders and residents of the county in which complainant resides, the said board is hereby empowered to issue to complainant a certificate of error, showing that the complaint has been investigated by the said board; that the said board has been satisfied of the truth of the allegations of the said complaint, and direct the same to the county treasurer of their said county directing the said county treasurer to accept the said certificate as a payment of cash to the amount found by the said board to have been unjustly assessed, or entitled to be refunded, which said amount shall be named in the said certificate, and shall by the treasurer be credited on his tax roll against the tax so found to be erroneous or to be refunded;

and the treasurer shall retain the said certificate, and shall be credited with the same, as cash, in his settlement as such treasurer."

These sections are the only provisions of the statutes of Oklahoma granting the power to a board of county commissioners to correct any kind of an individual tax levy and issue certificaté of error therefor. The first empowers the board to correct an erroneous assessment, and the second provides the character of erroneous assessment that may be corrected, and the manner in which the same shall be corrected, and for the issuing of the certificate of error. The character of assessments that may be corrected are: First, a double assessment; second, when the property has been assessed more than once for the taxes of the same year; third, when the property has been assessed for the taxes of a year to which the same is not subject to assessment; and, fourth, when the property has been damaged by flood or tornado to the amount of fifty per cent. of its value.

It is contended by the defendant in error that the substance of the petition was to suggest to the board of commissioners that a legal assessment on the property of the Perry Mill Company had been made and returned, and that the subsequent act of the board of equalization was entirely without authority of law and not done under any pretense of comparing valuation or adjusting assessments between taxpayers, that, therefore, the board of county commissioners had a right to adjust the matter. It will be noticed by an examination of the record that in the original assessment the valuation of the real estate was $6,825.; that the valuation of the personal property was $3,000, making a total of $9,825. By the action of the board of equalization lot ten was raised from $2,000 to $5,000, lot eleven from $2,000 to $5,000, lot twelve from $1,500 to $3,000, and lot thirteen from $1,000 to $2,000, and the personal assessment was raised from $3,000 to $10,000, making a total raise of $15,500. By the petition it was conceded that, notwithstanding the original assess-

Vol. 19—7.

ment was $9,825, yet a fair valuation would be $10,000, and that the commissioners' action was upon a basis of $10,000, so that it cannot be contended that this action before the board of county commissioners was intended to correct the action of the board of equalization by placing the assessment where it originally stood; that is, by entirely eliminating the action of the board of equalization, so as to leave the assessment where it originally stood. This in effect conceded the authority of the board of equalization to take action in the direction in which it had proceeded, but was in effect to claim that the act of equalization had been erroneous and excessive, and this was in effect asking the board to equalize the valuation of the property for taxation as between individuals, which is specifically prohibited by the first section quoted. There was nothing whatever before the board of county commissioners that would authorize that body to issue a certificate of error upon any ground named in the statute, and there was no pretense of doing so. These sections of the statute above quoted are the only sections pertaining to the power of the board to issue a certificate of error or correct assessments of any character for which certificates of error can be issued.

It is claimed, however, that the action of the board of equalization was void, and, being void, that the board of county commissioners and also the district court, on appeal, could correct the same and do equity between the parties. We can not agree with this contention. The board of county commissioners has only such authority as is prescribed by the statute, and, no matter what relief a court of equity could give in a case of the character under consideration, the board of county commissioners is not clothed with that equitable power, and we can not conceive upon what principle or upon what authority a board of county commissioners would assume to issue a certificate of error in a case of this character, which is in effect discharging the complainant's property from taxation to the amount named in the certificate. Boards of county commissioners in this territory are given no such jurisdiction, and

we think that the withholding of such authority from boards of county commisisoners is a wise one. It is well settled that, upon appeal from an inferior tribunal, the appellate court takes only such jurisdiction as the inferior tribunal had, and can only investigate in a given case those propositions which were before the inferior court, and which the inferior court might have investigated and determined. 2 Cyc. 537; *Cooper v. Armstrong,* 3 Kan. 78. Therefore, the board of county commissioners having no power to take the action which they assumed, and the jurisdiction of the appellate court being the same as that of the inferior tribunal, the judgment of the board of county commissioners should have been reversed..

This action, upon appeal to the district court, should not have been so construed as to give the district court the same power and authority which the court would have had in a direct proceeding brought for the purpose of questioning the right or authority of the board of equalization to raise the valuation of the property or to prohibit the correction of the tax which is claimed to have been void by reason of the erroneous action of the board of equalization. There has from time to time been a vast amount of just criticism growing out of the unequal valuation of property. and it would seem that there must have been some reason for the board of equalization to take action in this matter. Whether or not they acted legally and in pursuance of law it is not necessary for us here to determine. If they did, their acts were valid. If they did not, there was a remedy by action in a court of equity, and the parties aggrieved should seek a remedy in the proper forum, as there, and there only, could the matter properly be investigated. There, and there only, could the full facts be shown. But, be that as it may, the question here presented is only as to the power of the board of county commissioners to make a correction and issue a certificate of error upon the case made to them, and the power of the court upon appeal to assume at this time jurisdiction which the board of county commissioners could not assume.

We are of the opinion, therefore, that the trial court erred in rendering judgment sustaining the board of county commissioners in their action, and for that reason the case is reversed, with directions that the district court vacate its judgment and enter an order reversing the judgment of the board of county commissioners.

Hainer, J., who presided in the court below, not sitting; Irwin J., absent; all the other Justices concurring.