## MILAM et al. v. SMITH-MAUER BROS.

No. 3803.   Opinion Filed June 10, 1913.

(133 Pac. 33.)

1.  **TAXATION—Correction of Assessment — Repeal.** Section 1845, Comp. Laws 1909 (section 9, c. 12, Sess. Laws 1897, was repealed by section 1, c. 34, Sess. Laws 1903.

2.  **Same—Correction of Assessment—Appeal.**   Sections 7601 and 7602, Comp. Laws 1909 (Rev. Laws 1910, secs. 7353, 7354), do not confer upon the board of county commissioners authority to correct erroneous assessments, upon the ground that property has been assessed to the wrong person; and the district court, on appeal from an order of the board of county commissioners, upon application to correct the assessment, has only the jurisdiction of the inferior tribunal; and, where the ground for the correction is the one named above, the district court on appeal from the board of county commissioners is without power to investigate and determine the question attempted to be presented.

(Syllabus by the Court.)

Error from District Court, Choctaw County;
Summers Hardy, Judge.

Action by the Smith-Mauer Bros. against J. W. Milam and others.   Judgment for plaintiffs, and defendants bring error.   Reversed and remanded.

I. L. Strange, for plaintiffs in error.
Wadlington & Wadlington, for defendant in error.

HAYES, C. J.   Defendants in error were plaintiffs in the court below, and will be referred to as such.   Their petition, filed in the court against plaintiffs in error, who will hereafter be referred to as defendants, is divided into five paragraphs. In the first paragraph they alleged that the court in which this action was brought did, in the month of January, 1912, in an appeal from the action of the board of county commissioners of Choctaw county, make and enter a judgment correcting the tax rolls of said county so as to place the name of J. P. Dick

upon the assessment and tax rolls in lieu of the name of peti-
tioners as the owner of certain property. By the second para-
graph they alleged that, notwithstanding said order and judg-
ment of the court directing the defendant Milam, as county
clerk, to make such correction of the assessment and tax rolls,
said defendant, although notified of the order of the court, still
retains the name of petitioners upon said rolls, and refuses to
make the correction. In paragraph 3 they allege that the de-
fendant county treasurer has issued a tax warrant against the
goods and chattels of petitioners and delivered the same to the
sheriff of the county, and that the sheriff of the county,
acting under the authority of said warrant, has levied upon
the goods and chattels of petitioners, and is now proceeding
to subject their property to the payment of taxes that should
be assessed against one J. P. Dick, which because of an error
in the assessment rolls has been assessed against plaintiffs. By
paragraph 4 they allege that by refusal of the county clerk
to comply with the judgment and order of the court in cor-
recting the assessment rolls, and by reason of the issuance of
the tax warrant by the county treasurer and the levying upon
their property, said defendants have obstructed the lawful
process and order of the court. By paragraph 5 they allege
that because of said acts of the clerk in refusing to obey said
judgment and order of the court to correct the rolls, petitioners
have been damaged in the sum of $500. They thereupon pray
that the court issue its process to the defendants, county clerk
and sheriff, requiring each and all to appear before the court
and show cause why they should not be held for contempt, and
further pray for a restraining order, restraining the sheriff
from proceeding further under the tax warrant issued, and for
judgment against the defendant county clerk for their damages
in the sum of $500.

It will be observed from plaintiffs' petition, the contents of
which have been, in substance, stated above, that they do not
seek by this proceeding to invoke the aid of a court of equity
to correct the assessment rolls, but they are attempting to

enforce their rights under a former judgment of the district court of the county by which said rolls were ordered corrected. Defendants meet this issue in their answer by admitting that the district court of Choctaw county, on an appeal from the board of county commissioners, did, on the 9th day of January, 1912, make a certain order requiring defendant county clerk to correct the tax assessment rolls of said county by placing the name of J. P. Dick upon said rolls in lieu of petitioners' names, as the owners of certain property subject to assessment for taxes; but they allege and state for their defense that said order of the court was null and void, because the board of county commissioners from which the appeal was taken was without jurisdiction to make such order, and that the district court, upon appeal, was also without jurisdiction. The judgment appealed from enjoins the sheriff from proceeding further under the tax warrants, adjudges the county clerk in contempt, assesses a fine against him, and awards damages to plaintiffs.

The evidence establishes that the stock of goods seized by the defendant sheriff under tax warrant was originally assessed for the year 1912 to one J. P. Dick, but thereafter said assessment was changed, and the same was assessed to plaintiffs; and as assessed to them, the tax rolls were made up and delivered to the county treasurer for collection of the taxes. In December, 1912, plaintiffs filed their petition with the board of county commissioners, charging that the property had been erroneously assessed to them, and praying that the tax rolls be corrected, so that the tax should be assessed on the tax rolls against J. P. Dick. The board of county commissioners dismissed the petition of plaintiffs, upon the ground that they were without jurisdiction. From this order an appeal was taken to the district court. That court, on the 9th day of January, 1912, heard the appeal over the objection of the county commissioners to its jurisdiction and rendered judgment, ordering that the assessment of said stock of goods be changed from plaintiffs to J. P. Dick, and directed

defendant county clerk to change said assessment upon the tax rolls accordingly, which the county clerk has failed to do. The county clerk contended that he was not a party to the proceeding before the board of county commissioners, and that the district court never acquired jurisdiction of his person; but the only question we need determine is whether the district court had jurisdiction, on appeal from the county commissioners, to order the correction of the assessment by the county clerk.

The authority of the board of county commissioners to correct the defects or errors in the assessment of tax rolls is statutory, and must be strictly confined to the limits marked out by the statute. *Bostick v. Bd. Co. Com'rs,* 19 Okla. 92, 91 Pac. 1125; 37 Cyc. 1087; Cooley on Taxation, p. 537.

Counsel for plaintiffs, in the court below and in this court, have cited section 1845, Comp. Laws 1909 (section 9, c. 12, Sess. Laws 1897), as conferring upon the board of county commissioners authority to make the correction involved in this proceeding, and said section of the statute does authorize the commissioners, upon application of the person injured, to correct the assessment of property, where such property has been assessed to any person who did not own it; but this statute was expressly repealed by section 1, c. 34, Sess. Laws 1903.

Sections 7601 and 7602, Comp. Laws 1909 (Rev. Laws 1910, secs. 7353, 7354), constituting part of the act of the Legislature which became effective on March 10, 1909, constitutes the only statutes upon the subject that have been called to our attention, or that we have been able to find. Section 7601 provides that the board of county commissioners are empowered to correct, either upon the assessment rolls or upon the tax rolls of the county, any double or erroneous assessments of property in the manner provided in the next section, and not otherwise. The succeeding section, to wit, section 7602, provides that upon complaint of the person beneficially interested, when it shall be made to appear by

the testimony of the claimant, or at least one reputable witness, borne out by the records of the county, that the same property has been assessed more than once for the taxes for the same year, or that the property has been assessed in the county for taxes for a year to which the same was not subject, the board of county commissioners is empowered to issue to complainant a certificate of error, and to direct the county treasurer to accept said certificate as payment of cash in the amount found by the said board to have been unjustly assessed.

It will be observed that these sections of the statute do not name, as one of the classes of error which the board of county commissioners is empowered to correct, the assessment of property in the name of the wrong person. That the board of county commissioners and the district court were without jurisdiction of the application of plaintiffs for the correction of the assessment is, in effect, determined by *Bostick v. Board of County Commissioners, supra.* That was an application to have corrected by the board of county commissioners an excessive erroneous assessment. The statute then existing upon the subject is to be found in section 5972, Wilson's Rev. & Ann. Statutes, and section 5973 of said statute as amended by section 1, art. 1, c. 31, Sess. Laws 1905, which is very similar to the language of sections 7601 and 7602, Comp. Laws 1909 (Rev. Laws 1910, secs. 7353, 7354), above referred to, except that those statutes authorize four character of assessments to be corrected: First, a double assessment; second, when the property had been assessed to more than one person for the taxes for the same year; third, when the property had been assessed for the taxes for a year to which the same is not subject to assessment; and, fourth, 'when the property has been damaged by flood, or tornado to the amount of 50 per cent of its value. The Supreme Court of the Territory held, in construing that statute, that the board of county commissioners was without power to correct an assessment upon the ground that it was excessive, and that the district court,

on appeal, had only the jurisdiction of the inferior tribunal, and was likewise without power to investigate and determine the question presented. Upon the authority of that case it must be held in the instant case that the board of county commissioners is without authority under sections 7601 and 7602, Comp. Laws 1909 (Rev. Laws 1910, secs. 7353, 7354), to correct erroneous assessments, except upon the ground that property has been assessed more than once for taxes for the same year; or, second, that the property was assessed in the county for the taxes of a year to which the same was not subject, and that the jurisdiction of the district court on appeal is confined to the subject-matter over which the board of county commissioners has jurisdiction conferred by said statutes. It is not contended in the instant case that the property involved has been assessed more than once for taxes for the same year, or that it was not subject to taxes for that year.

It follows, as a result of these conclusions, that the judgment of the district court, which plaintiffs make the basis of their action, is void; and the judgment appealed from should be reversed and the cause remanded.

KANE and DUNN, JJ., concur; WILLIAMS and TURNER, JJ., not participating.