### SMITH et al. v. BOARD OF COM'RS OF GARVIN COUNTY.

No. 7818—Opinion Filed Jan. 2, 1917.

(162 Pac. 463.)

1. **Statutes—Title — Taxation—Recovery of Taxes Wrongfully Assessed.**

That portion of sec. 14, chap. 152, S. L. 1910-11, providing, "that if any * * * taxes, so erroneously assessed shall have been paid, the same, shall be a valid charge against the county and shall be refunded by the board of county commissioners and the amount of such refunded taxes, which have been paid over to any municipality, or to the state, shall be deducted from the tax money due the state or such municipality at the next settlement," being in conflict with sec. 57, art. 5, of the

Constitution, conferred no power upon a board of county commissioners to remit taxes, or refund moneys received in payment thereof.

## 2. Counties — County Commissioners — Appeals From.

"Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only; same being confined to the jurisdiction the board had, and none other, to an inquiring, de novo, as to the very matter upon which the board was called upon to act. Such appeal cannot be converted into an action in equity so as to enlarge the jurisdiction beyond that of the inferior tribunal."

(Syllabus by Bleakmore, C.)

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Dixie Smith and others against the Board of County Commissioners of Garvin County, Okla. Judgment for defendants, and plaintiffs bring error. Affirmed.

Albert Rennie and John A. McClure, for plaintiffs in error.

R. E. Browning, Co. Atty. of Garvin County, and L. H. Hampton, Asst. Co. Atty., for defendants in error.

Opinion by BLEAKMORE, C. Plaintiffs in error on December 28, 1914, presented to the board of county commissioners of Garvin county their application, in writing, for the cancellation, remission and refunding of taxes levied and collected in previous years upon lands allotted to them as Choctaw Freedmen, alleging that such taxes were wrongfully levied, for the reason that such allotted lands were exempt from taxation by virtue of the provisions of the treaties between the United States and the Choctaw and Chickasaw Tribes of Indians, and certain congressional enactments. The board of county commissioners refused to cancel or remit said taxes, or to refund the sums received in payment thereof, from which decision the applicants appealed to the district court of Garvin county, where the cause was tried upon an agreed statement of facts, and judgment rendered against applicants, who have brought the cause here for review.

It would seem that the only authority attempted to be given to boards of county commissioners to hear and determine matters of alleged erroneous assessments and refund of taxes is found in an act of the legislature of March 25, 1911 (chapter 152, Session Laws 1910-11, sec. 14), in which it is provided:

"The board of county commissioners of each county may hear and determine allegations of erroneous assessments or mistakes or differences in the description or value of land or other property, at any session of said board, before the taxes shall have been paid, on application of any person or persons who shall, by affidavit, show good cause for not having attended the meeting of the county board of equalization, for the purpose of correcting such error, difference or mistake, and wherein a lot of land or portion thereof, or any other property, has been assessed to any one person, firm or corporation who or which did not own the same, or property exempt from taxation has been assessed, or which has been doubly or erroneously assessed, the board of county commissioners shall have power, and it shall be their duty to correct all such assessments; and if any such taxes, so erroneously assessed shall have been paid, the same shall be a valid charge against the county and shall be refunded by the board of county commissioners and the amount of such refunded taxes, which have been paid over to any municipality, or to the state, shall be deducted from the tax money due the state or such municipality at the next settlement."

Considering the provisions of the foregoing act, in Johnson v. Grady County, 50 Okla. 188, 150 Pac. 497, this court held:

"Chapter 152, Laws of 1910-11, is an act creating the office of county assessor and for other purposes relative thereto. The last clause in sec. 14 of said act is as follows: 'And if any taxes, so erroneously assessed, shall have been paid, the same shall be a valid charge against the county and shall be refunded by the board of county commissioners and the amount of such refunded taxes, which have been paid over to any municipality, or to the state, shall be deducted from the tax money due the state or such municipality at the next settlement.' Held, this clause is in conflict with sec. 57, art. 5, of the Constitution, in that the title to said act does not disclose that there is a provision in the body of the act for the refund of taxes theretofore erroneously assessed and paid."

Obviously the board of county commissioners in the instant case had no authority under the statute to cancel the tax levies and remit the taxes, or to refund the amounts received in payment thereof; and therefore the district court on appeal was without jurisdiction to grant the relief sought.

"Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only; same being confined to the jurisdiction the board had and none other, to an inquiring, de novo, as to the very matter upon which the board was called upon to act. Such appeal cannot be converted into an action in equity so as to enlarge the jurisdiction beyond that of the inferior tribunal." Parker et al. v. Board of Com'rs of Tillman County, 41 Okla. 723, 139 Pac. 981.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.