## In re ASSESSMENT OF FIRST NAT. BANK OF EL RENO.

No. 7538—Opinion Filed July 31, 1917.

(166 Pac. 883.)

(Syllabus by the Court.)

**1. Taxation—Assessment—Proceedings for Reduction.**

A proceeding instituted by a national bank before a board of county commissioners pursuant to section 14, chapter 152, of the act of March 25, 1911 (Sess. Laws 1910-11, pp. 335, 336), for the purpose of obtaining a reduction of the assessed value of the property of the bank, or of the shareholders therein, on account of state funding bonds owned by such bank and claimed to be exempt from taxation, not being maintainable because of the repugnancy of the section of the act to section 57, article 5, of the Constitu-

tion, cannot be sustained under sections 7353 and 7354, Revised Laws 1910, conferring upon boards of county commissioners power to issue a certificate of error to the county treasurer, when it is found that property has been assessed more than once for the taxes of the same year, or that property has been assessed for the taxes of a year to which the same is not subject.

**2. Counties—County Commissioners—Powers.**

A board of county commissioners can exercise only such powers as are conferred upon it by the organic or statutory laws of the state, or such as may arise by necessary implication from an express grant of power.

**3. Taxation—Assessments—Proceedings for Reduction.**

Sections 7353 and 7354, Revised Laws 1910, do not confer upon boards of county commissioners, in a proceeding instituted before such board, the power to adjudicate and determine the right of a taxpayer to a reduction of the assessed value of its property for the taxes of a year to which the same is subject, on account of its ownership of state bonds claimed to be exempt from taxation.

Error from District Court, Canadian County; John W. Hayson, Judge.

In the matter of the assessment of the First National Bank of El Reno. Petition by the bank for reduction of its assessment was denied, and on appeal to the District Court the assessment was reduced, whereupon the Board of County Commissioners of Canadian County brings error. Reversed.

S. T. Roberson, Co. Atty., and E. F. Maley, Asst. Co. Atty., for plaintiff in error.

Fogg & Bennett (Babcock & Trevathan, Burwell, Crockett & Johnson, and Asp, Snyder, Owen & Lybrand, of counsel), for defendant in error.

SHARP, C. J. In its return to the county assessor for taxes for the year 1914 the First National Bank of El Reno, being the owner of state funding bonds in the sum of $12,600, deducted, in addition to the assessed value of its real estate, a sum equal to the face value of the bonds, on account of the claim that such bonds were by law exempt from taxation. Acting under instruction of the state board of equalization, the county assessor of Canadian county, on July 3, 1914, added to the assessed valuation of the property of the bank the face value of the bonds, and on the same day notified the bank of the action of the state board in raising the bank's assessment, and of his compliance with the board's instruction. On December 10th next thereafter the bank filed with the board of county commissioners its petition, charging that the bonds were exempt from taxation and that

its assessment should be reduced in a sum corresponding to the face value thereof. This the board of county commissioners, on February 6, 1915, refused to do. Thereupon the bank prosecuted its appeal to the district court of Canadian county, where, on the 24th of April, 1915, judgment was entered directing that the bank's assessment be corrected by deducting therefrom "said state of Oklahoma 4½ per cent. funding bonds of 1913 in the amount of $12,600."

The proceedings instituted by the bank before the board of county commissioners was obviously brought under authority of section 14 of chapter 152, being an act of the Legislature approved March 25, 1911 (Sess. Laws 1911, pp. 331-337) June 15, 1915, the opinion in Johnson v. Grady County, 50 Okla. 188, 150 Pac. 497, was handed down, in which it was held that the latter part of section 14 of said act providing for the refund by the board of county commissioners of taxes erroneously assessed and collected was repugnant to section 57, art. 5, of the Constitution, in that the title of the act did not disclose that there was contained in the act a provision for the refund of taxes erroneously assessed and paid. In the presentation of the case at bar the county commissioners urge that section 14 in its entirety must fail on account of its repugnancy to the preceding section and article of the Constitution. On the other hand, the bank contends that, notwithstanding the opinion of the court in Johnson v. Grady County (followed in Atoka County v. Oklahoma State Bank, 62 Okla. 57, 161 Pac. 1087, and Smith et al. v. Board of, Com'rs of Garvin County, 62 Okla. 120, 162 Pac. 463), in so far as section 14 authorizes the board of county commissioners to hear and determine allegations of erroneous assessment, or that property exempt from taxation has been assessed, and giving such board the power upon compliance with the statute to correct such assessment, the section is constitutional. That the bank, in seeking a reduction on its assessment on account of its ownership of state funding bonds, proceeded under the authority of section 14 of the act of March 25, 1911, is not only obvious from the allegations of its petition, as well as the form of relief invoked, but by the position originally assumed in this court. This much must be admitted. Some eight months after the brief of counsel for the bank had been filed, the opinion in Re Hickman, 64 Okla. 14, 162 Pac. 176, was handed down, in which, in effect, the position of counsel for the county commissioners in the case under consideration was sustained. The effect of that opinion was to strike down the very por-

tion of section 14 upon which the bank instituted its proceedings before the board of county commissioners. Since the going down of the opinion in the Hickman Case, the bank in a supplemental brief says that, notwithstanding the position theretofore occupied by it, section 14 of the 1911 statute furnished but a cumulative remedy to that already provided by sections 7353 and 7354, Revised Laws 1910, by which the board of county commissioners was authorized to correct assessment or tax rolls under certain circumstances, and that the board having jurisdiction to grant the relief complained of, its rights are not affected by the law announced in the Hickman Case.

It is not required that we determine the scope of the 1911 act, or its effect upon the provisions of the Revised Statutes found in the sections referred to, for the reason that though we were to hold that said sections of the Revised Statutes were at the time in full force, yet the bank in its proceedings before the board neither complied with the statute nor invoked the relief there authorized. Section 7353 authorizes the boards of county commissioners to correct, either upon the assessment rolls or upon the tax rolls of the county, any double or erroneous assessment of property for taxation in the manner provided in 7354, and not otherwise. The procedure for correcting the rolls provides that upon complaint of the person beneficially interested, his agent or attorney, if it should be made to appear by the testimony of the claimant and at least one reputable witness, borne out by the records of the county, "that the same property, whether real or personal, has been assessed more than once for the taxes of the same year, or that property, whether real or personal, has been assessed in the county for the taxes of a year to which the same was not subject," the board is empowered to issue to the complainant a certificate of error showing that the complaint has been investigated by said board and that the board is satisfied of the truth of the allegations of the complaint. The certificate referred to is directed to the county treasurer of the county, and instructs him to accept it as a payment of cash to the amount found by the board to have been unjustly assessed, whereupon the assessment shall by the treasurer be corrected upon the tax roll against the tax so found to be erroneous. This was neither done nor contended for.

It will be seen from the foregoing that the authority of the board of county commissioners under the statute is confined to assessments of two classes only: (1) Where the property has been assessed more than once for the taxes of the same year; and (2) where the property has been assessed in the county for the taxes of a year to which the same was not subject. It is a well-recognized and very general rule that a board of county commissioners can exercise only such powers as are conferred upon it by the organic or statutory laws of the state, or such as may arise by necessary implication from an express grant of power. Tulsa Street Railway Co. v. State, 26 Okla. 559, 110 Pac. 373; Allen et al. v. Board of County Commissioners, 28 Okla. 773, 116 Pac. 175; Board of County Commissioners v. Ernest, 45 Okla. 725, 147 Pac. 322; Board of County Commissioners et al. v. Smith, 47 Okla. 184, 148 Pac. 111. Nowhere under section 7354, Revised Laws 1910, is there any express grant of power to boards of county commissioners to correct erroneous assessments arising out of a failure of the taxing authorities to give proper reductions on account of exempt property. That the owner of property may have the right to go before the board of county commissioners for relief against an assessment of its property in the county for the taxes of a year for which the same is not subject is one thing; to permit the owner of property admittedly subject to taxation in the county for the current year to claim deductions on account of nontaxable bonds in its possession is another and materially different proposition. That authority was attempted to be given boards of county commissioners by section 14 of the act of March 25, 1911, when, among other things, it said the board should have the power to correct errors where "property exempt from taxation has been assessed." But as this statute has been declared unconstitutional, and we know of no other statute that will give to the county commissioners jurisdiction to grant the relief sought, further consideration need not be given it. Our view respecting a construction of section 7354, Revised Laws 1910, is supported by the former opinions of the court in Bostick v. Board of County Commissioners, 19 Okla. 92, 91 Pac. 1125, and Milam et al. v. Smith-Mauer Bros., 38 Okla. 328, 133 Pac. 33. Indeed, the rule there announced is conclusive of the purpose and scope of the statute and of the contention of the bank. In the former case it was held that the board of county commissioners was without power to correct an assessment on the ground that it was excessive, while in the latter it was held that the statute did not confer jurisdiction upon the board of county commissioners to correct erroneous assessments on the ground that property had been assessed to the wrong person.

It being made to appear that the board of

county commissioners was without power to reduce the bank's assessment on account of the bonds owned by it, claimed to be exempt from taxation, the district court on appeal could acquire no jurisdiction not possessed by the board of commissioners. Bostick v. Board of County Commissioners, supra; Milam et al. v. Smith-Mauer Bros., supra; Parker v. Board of County Commissioners, 41 Okla. 723, 139 Pac. 981. In Re Assessment of First National Bank of Chickasha, 58 Okla. 508, 160 Pac. 469, L. R. A. 1917B, 294, involving the taxability of state building bonds, the bank proceeded under the authority of section 2, subdivision B, chapter 107, Session Laws 1915; hence the question of jurisdiction of the board of county commissioners in the first instance, or of the district court on appeal, was not involved. As the statute upon which the bank relied has been declared to be and is unconstitutional, and on account thereof the board of county commissioners was without jurisdiction to grant the relief sought, we cannot in the present proceedings determine the right of the bank, or of the shareholders represented by it, to a deduction on account of its ownership of state funding bonds. This conclusion we have reached reluctantly, in view of the importance of the question both to the state and to those concerned.

As the question presented is one of jurisdiction, no alternative is left but to direct a reversal of the judgment of the district court, which is accordingly done.

All of the Justices concur, except TURNER, J., who is absent.