## BROADWELL v. BOARD OF COM'RS OF CARTER COUNTY.

No. 7692—Opinion Filed Oct. 8, 1918.

Rehearing Denied Nov. 14, 1918.

(175 Pac. 828.)

(Syllabus.)

**Taxation — Voluntary Payment of Taxes — Recovery.**

Where certain citizens of the Choctaw

and Chickasaw Nations paid certain taxes assessed against their respective allotments, which were nontaxable, in order to avoid a threatened sale of their lands, and in order to avoid the imposition of penalites thereon for failure to pay said taxes, and where at the time of said payment there was pending litigation seeking to enjoin the collection of said taxes, and where at the time said parties were fully informed as to the law which made said taxes illegal, and there was no immediate necessity for the payment of said taxes to prevent a seizure of the person or property of said persons, held, that said payment was voluntary, and, in the absence of statutory authority therefor, cannot be recovered back.

Error from District Court, Carter County; W. F. Freeman, Judge.

Proceeding by George R. Broadwell against the Board of County Commissioners of Carter County. Petition denied by board of county commissioners, and, on appeal to district court, defendant's demurrer thereto was sustained and plaintiff brings error. Affirmed.

Geo. P. Glaze, for plaintiff in error.

A. J. Hardy, J. A. Bass, and Geo. B. Rittenhouse, for defendant in error.

HARDY, J, This proceeding was instituted for the purpose of recovering moneys paid as taxes by certain members of the Choctaw and Chickasaw Tribes of Indians on lands alloted to them under the laws regulating such matters. The various Indian citizens who paid such taxes assigned their claims to plaintiff in error, and one proceeding is prosecuted to recover the amounts paid by some 650 allottees. A petition setting up the principal facts was filed with the board of county commissioners, where the claim was denied. An appeal was taken to the district court, where the petition was amended, and defendant county filed a demurrer thereto, which was sustained. Plaintiff, being aggrieved, excepted to the ruling and brings the case here. The petition sets out the history of the legislation which resulted in the allotment of the lands of the Choctaw and Chickasaw Tribes in severalty, and asserts that under such laws and treaties the lands allotted were exempt from taxation at the time said sums were paid; and further alleges that the officials of Carter County, in violation of the rights of the allottees assessed for taxation and levied taxes against said lands; whereupon certain citizens of the Choctaw and Chickasaw Nations instituted suit in the Superior court of Logan county to enjoin the collection of taxes upon exempted lands, which litigation was prosecuted to a final determination in favor of the plaintiffs therein.

Choate v. Trapp et al., 224 U. S. 665, 32 Sup. Ct. 565, 56 L. Ed. 941; that the superior court of Logan county and the Supreme Court of the state decided the litigation adversely to the plaintiffs therein, holding said lands to be taxable; and that, pending a final determination of said litigation in the Supreme Court of the United States, said Indian citizens, fearing that said lands would be sold for the payment of taxes assessed and levied thereon, and fearing that large penalties would be imposed for failure to pay said taxes. paid the amounts claimed, but at the time protested that said sums were illegally assessed and levied against their said lands. Upon the matter first being presented in this court this proceeding was dismissed upon the ground that the board of county commissioners had no jurisdiction to allow or disallow the claim, and that the district court was also without jurisdiction on appeal. On petition for rehearing we are convinced that the previous opinion should be withdrawn, and the case reinstated and disposed of upon its merits. By section 2, c. 186, Session Laws 1913, the board of county commissioners of each county is authorized to examine into each claim filed for allowance, and, if the same or any part thereof is found to be correct and a proper charge against the county, the same may be allowed for payment.

In Board of County Commissioners of Love County v. Ward et al., 68 Okla. 287, 173 Pac. 1050, it was assumed that section 1, c. 186, Session Laws 1913, conferred jurisdiction upon the board of county commissioners to consider a claim of the character here involved. However, the judgment must be affirmed because section 14, c. 152, Session Laws of 1911, which conferred upon boards of county commissioners authority to refund taxes erroneously assessed against property and paid, has been declared unconstitutional. Johnson v. Grady County, 50 Okla. 188, 150 Pac. 497; Atoka County v. Oklahoma State Bank, 62 Okla. 57, 161 Pac. 1087; In re Hickman, 63 Okla. 14, 162 Pac. 176; Smith v. Board Commissioners Garvin County, 62 Okla. 120, 162 Pac. 463; In re Assessment of First National Bank of El Reno, 64 Okla. 208, 166 Pac. 883. Since which there is no statute in force imposing liability upon a county for taxes wrongfully collected by its county treasurer, and by him paid over to the state or municipal subdivision of the state other than the county, against which liability is sought to be imposed. Board of County Commissioners v. Ward, supra. A judgment is sought against Carter county for all the taxes collected by the county

treasurer and paid over by him to the state and its various municipal subdivisions, and the petition does not separate the amount of taxes paid so that it could be determined what portion was received by the county for which it might possibly be liable. The judgment was right for this additional reason. The facts alleged show that the taxes were paid under such circumstances as would prevent a recovery, for there was no such duress, coercion, or compulsion as would give the allottees paying such taxes a right of action to recover such sums. Johnston v. Grady County, 50 Okla. 188, 150 Pac. 497, and again in Board of County Commissioners v. Ward et al., supra, and in each of which cases it was held upon the facts alleged that the payment was voluntary, and, in the absence of statutory authority therefor, could not be recovered back. The decisions in those cases are controlling here, and the judgment is affirmed.