LAIRMORE et al. v. BOARD OF COM'RS OF OKMULGEE COUNTY et al.

No. 33261. June 29, 1948.

195 P. 2d 762.

C. M. Gordon, of Okmulgee, for plaintiffs in error.

Richard A. Hays, Co. Atty., Okmulgee County, and Robert R. Beidleman, Asst. Co. Atty., both of Okmulgee, for defendants in error.

DAVISON, V.C.J. This is an action to recover taxes paid under protest. The property involved consists of two lots in the city of Henryetta, Oklahoma, the house upon which was destroyed by fire prior to 1929. For the years 1929 to 1936, inclusive, the lots were arbitrarily assessed by the county assessor as improved real estate. In July, 1937, while the taxes for the above years were unpaid, the plaintiff, E. B. Lairmore, purchased the property and immediately filed an application for reassessment with the board of county commissioners, praying for a reduction of the assessed valuation under the authority of S. B. 285, S. L. 1937. The board reduced the value finding only that "this place has been burned and hasn't much value."

Taxes for the above years were paid upon the valuation so reduced, another house was built on the lots and all subsequent taxes were paid. The said Lairmore sold the property to the plaintiffs, B. F. Carter and Margaret Carter, his wife, retaining a mortgage thereon

for the unpaid balance of the purchase price.

In the case of Ivester v. State, 183 Okla. 519, 83 P. 2d 193, this court held S. B. 285, S. L. 1937, to be unconstitutional and, pursuant to the authority contained in that opinion the county treasurer placed the property here involved on the tax rolls for the unpaid balance of the original taxes for the years 1929 to 1936, inclusive, amounting to $260.20. This action was then brought to restrain the collection of those taxes and to cancel the same on the rolls. Subsequently, the taxes were paid under protect and the petition was amended to seek a recovery of the amount so paid.

A demurrer to the petition was sustained and the cause dismissed, upon plaintiffs' refusal to plead further. This appeal is from that judgment.

Plaintiffs contend that, although the application for re-assessment and the order of the board of county commissioners, made thereon, were founded upon the unconstitutional act, S.B. 285, S. L. 1937, yet said board had authority to modify the assessment, and the application for re-assessment was sufficient under the provisions of chapter 38, art. 5, secs. 3 and 4, S.L. 1909 (§§9647-48, C.O.S. 1921; §§12638-39, O. S. 1931). These sections give the board of county commissioners authority to issue a certificate of erroneous assessment in cases where "the same property, whether real or personal, has been assessed more than once for the taxes of the same year" or where "that property, whether real or personal has been assessed in the county for the taxes of a year to which the same was not subject". If the board of county commissioners had authority to make the reduction in valuation and if the application were sufficient, the order, so made and from which no appeal was taken, was final and could not be collaterally attacked by the taxing authorities in this proceeding.

Since the application for re-assessment did not show, nor did the order of the board of county commissioners disclose, that evidence was offered to prove, "good cause for not having attended the meeting of the county board of equalization for the purpose of correcting such error, mistake or difference," the board of county commissioners had no authority to act under the provisions of section 12642, O. S. 1931. In the case of Parkinson v. State, 196 Okla. 80, 162 P. 2d 551, this court held:

"Before one may apply to the board of county commissioners for correction of an assessment of property for purposes of ad valorem taxation under section 12642, O. S. 1931, he must show good cause for not having appeared before the board of equalization to procure the relief sought."

Therefore, if plaintiffs are entitled to any relief herein, it must be because the action of the board of county commissioners in reducing the assessed valuation of the lots was authorized by chapter 38, art. 5, §§ 3 and 4, S. L. 1909, supra. Plaintiffs cite the case of Dixon v. Bowlegs, 93 Okla. 47, 219 P. 665, and argue that the opinion in that case is controlling here. Therein it was held that the order of the board of county commissioners, made under authority of the last above mentioned statute, was in the nature of a judgment and, if unappealed from, was final. But, in that case, the property was found to be tax exempt Indian lands. Here, the lots were taxable, the only complaint being that the county assessor in fixing their value had considered them as improved after the destruction of the improvements. In that case the board, clearly, had the authority under the 1909 act to strike the assessment as erroneous because it had been assessed "for the taxes of a year to which the same was not subject." In the body of the opinion, it is pointed out that "the finding of the court on this point is supported by sufficient authority in the statute itself." No such authority is contained in the statute to authorize

the board's action under the facts herein. There was no assessment of the lots and of the improvements. There was one assessment. It is true that the county assessor considered the lots alone as of a certain value and the (nonexistent) improvements of another value, but the total was one indivisible assessment of one parcel of realty upon which one tax was levied. The action of the board of county commissioners in issuing the certificate of error was, in effect, discharging the property from taxation to the amount named in the certificate.

The language used in the case of Bostick v. Board of Commissioners of Noble County, 19 Okla. 92, 91 P. 1125, is appropriate here:

" . . . we cannot conceive upon what principle or upon what authority a board of county commissioners would assume to issue a certificate of error in a case of this character, which is in effect discharging the complainant's property from taxation to the amount named in the certificate. . . ."

In the case of In re Assessment of First National Bank of El Reno, 64 Okla. 208, 166 P. 883, this court further said:

"It will be seen from the foregoing that the authority of the board of county commissioners under the statute is confined to assessments of two classes only: (1) Where the property has been assessed more than once for the taxes of the same year; and (2) Where the property has been assessed in the county for the taxes of a year to which the same was not subject. It is a well recognized and very general rule that a board of county commissioners can exercise only such powers as are conferred upon it by the organic or statutory laws of the state, or such as may arise by necessary implication from an express grant of power." (citing cases.)

In the instant case the assessed value of the lots was greater than it should have been in view of the destruction of the improvements, but plaintiffs' position results in a large degree from the action of themselves and their prede-

cessor in title. The former owner not only had a right to properly assess the lots, but it was his duty to do so. Only after his failure could the assessor place the property on the tax roll. In addition, such owner could have the valuation corrected by applying to the equalization board at the proper times. The plaintiffs herein purchased the real estate knowing the situation which existed. Thus, they are in a position of their own choosing. In any event, boards of county commissioners cannot issue certificates of error except in those cases wherein they are authorized by statute.

The owner of the lots during the years 1929 to 1935, inclusive, had a right to correct any error by invoking the jurisdiction of the equalization board as provided by statute, and having neglected or refused to avail himself of that remedy, the court is without jurisdiction to exercise equitable powers to grant relief. Keaton v. Bonaparte, 174 Okla. 316, 50 P. 2d 404.

Plaintiffs' petition, therefore, did not state a cause of action and the demurrer was properly sustained.

The judgment is affirmed.

HURST, C.J., and WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.