INVESTIGATIONS BY STATE BANKING DEPARTMENT
The State Banking Department cannot contract with someone other than a member of its staff to make the investigation and examination required by 6 O.S. 306 [6-306](a) (1971). The Attorney General has considered your request for an opinion on the following questions submitted in your letter of October 7, 1971: "1. Can the State Banking Department contract with someone other than a member of our staff to make the investigation and examination required by Title 6 O.S. 306 [6-306](a) (1971)? "2. If your answer to the first question is in the affirmative, can such person employed be paid from the charter application fee paid to this Department under Title 6 O.S. 303 [6-303] (1971)?" Title 6 O.S. 306 [6-306](a) (1971) states in part: "When an application for a charter has been filed with the Commissioner he shall make or cause to be made a careful investigation and examination . . . ." This subsection goes on to say that the purpose of the investigation and examination is to check into the background, character, and financial status of the incorporators, organizers, and the proposed officers, and the need of the community for the proposed bank and the ability of the community to support the proposed bank. Title 6 O.S. 201 [6-201](f) (1971) states: "The Commissioner may delegate any officer or employee of the Department any of his powers and may designate any officer or employee of the department to perform any of his duties." The Act states that the Bank Commissioner may delegate his powers or duties to only officers or employees of the Department. In other words, there is no specific authority allowing the Commissioner to delegate his powers or duties to anyone outside the Department. The Oklahoma Supreme Court has consistently taken the position that State officers and officials and officials of State political subdivisions have only such power as is specifically granted to them. In the case of Boydston v. State, Okl., 277 P.2d 138 (1954), the Court held in syllabus 1: "Generally, when boards or commissions are created by statute, their powers are limited to those granted by the applicable statute, which may not be enlarged by the board itself." In the case of Lairmore, et al. v. Board of County Commissioners of Okmulgee County,200 Okl. 436, 438, 195 P.2d 762, 764, the Supreme Court in quoting In re Assessment of First National Bank of El Reno, 64 Okl. 208, 209, 166 P. 883, 884, said: "It is a well recognized and very general rule that a board of county commissioners can exercise only such powers as are conferred upon them by the organic or statutory laws of the State, or such as may arise by necessary implication from an express grant of power." In the particular situation, the Bank Commissioner is specifically required to make an investigation and examination. He has the specific power to delegate this duty to an officer or employee of the Department. He does not have a specific statutory power to delegate this duty to anyone else. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that the State Banking Department cannot contract with someone other than a member of its staff to make the investigation and examination required by Title 6 O.S. 306 [6-306](a) (1971). Since the first question is answered in the negative, it is not necessary to answer your second question. (Todd Markum)