COUNTIES AND COUNTY OFFICERS (1) Advertising in local newspapers to fill job vacancies for the Board of County Commissioners is a necessary implication for the purpose of carrying into effect the powers of the Board. (2) Where such claims should properly be charged is not a legal question but one of accounting classification. (3) Since such claims are legally authorized as incidentally necessary to the powers of the Board of County Commissioners, prior approval from the Board of County Commissioners to advertise in local newspapers is necessary. The Attorney General has considered your request for an opinion wherein you ask the following questions: "(1) Are the County Commissioners authorized to pay claims for advertising in local newspapers for job opportunities within the county when all other resources have failed to produce the needed personnel for the vacant job? "(2) If the County Commissioners are authorized to pay the claims for advertising, should the claim be a charge against the budgetary account of the office which is seeking the needed personnel or should the claim be a charge against the personnel department? It should be noted that the personnel department in Tulsa County does not have a budgetary account, but operates through the County Commissioners' 'D' account. The personnel department is the formal department for all matters relating to the personnel of Tulsa County. "(3) Should the office or department with the job openings request prior approval from the Board of County Commissioners to advertise in local newspapers?" In response to your first question, the general powers of the Board of County Commissioners are provided by the provisions of 19 O.S. 338 [19-338] (1971), as amended. Among those powers statutorily authorized is the specific power of paragraph (6), which states: "To do and perform such other duties and acts that the Board of County Commissioners may be required by law to do and perform." 19 O.S. 339 [19-339] has been construed with respect to the scope of powers of a Board of County Commissioners. In Allen v. Pittsburg, 28 Okl. 773,116 P. 175 (1911), the Court held that a board of county commissioners acting under special authority must act strictly on the conditions under which the authority is granted and can exercise only such powers as are specially granted or as are incidentally necessary for the purpose of carrying into effect such powers. This statement of rule of law was reaffirmed in Lairmore v. Board of Commissioners, Okmulgee County, 200 Okl. 436, 195 P.2d 762
(1948), wherein the Court stated that a Board of County Commissioners can exercise only such powers as conferred upon it by the organic or statutory laws of the State or such as may arise by necessary implication from an express grant of power. Since there is no specific grant of authority regarding advertising for necessary personnel, your first question, therefore, hinges on whether acquiring necessary personnel by the Board of County Commissioners is incidentally necessary for the purpose of carrying into effect the powers of the Board or whether the acquisition of such needed personnel could reasonably be expected to arise as a necessary implication from an express grant of authority. You allude in your letter that all resources have been exhausted and there is still "need" for personnel to fill vacant jobs. Since, then, personnel is necessary for the purpose of carrying into effect the powers of the Board, it would appear that the acquisition of personnel by advertising or otherwise is a necessary implication from an express grant of authority to carry into effect the powers of the Board, and County Commissioners would, thus, be authorized to pay such claims. In response to your second question regarding whether such claims for advertising should be a charge against the office seeking the personnel or personnel department, it is clear that such question is not legal in nature but one of accounting classification. As to your third question regarding whether the office or de partment with the job openings should request prior approval from the Board of County Commissioners to advertise in local newspapers, since the Board of County Commissioners derived the authority to pay claims for advertising in local newspapers for job opportunities by necessary implication, it would appear logical that prior approval from the Board would be necessary. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) Advertising in local newspapers to fill job vacancies for the Board of County Commissioners is a necessary implication for the purpose of carrying into effect the powers of the Board. (2) Where such claims should properly be charged is not a legal question but one of accounting classification. (3) Since such claims are legally authorized as incidentally necessary to the powers of the Board of County Commissioners, prior approval from the Board of County Commissioners to advertise in local newspapers is necessary. (NATHAN J. GIGGER)