## ALLEN *et al.* v. COMM'RS OF PITTSBURG COUNTY.

### No. 887. Opinion Filed May 9, 1911.

1. **COUNTIES—Board of Commissioners—Powers—Procedure.** It is a settled rule of construction that the grant of powers to a board of county commissioners must be strictly construed and that such board, when acting under specific authority, must act strictly on the conditions under which the authority is given, and exerc'se only such powers as are specially granted, or as are incidentally necessary for the purpose of carrying into effect such powers.

   (a.) Where the law prescribes the mode which such board must pursue in the exercise of such powers, it, as a rule, excludes all other modes of procedure.

2. **SAME—Allowance of Accounts—Verification.** Section 1659; Compiled Laws of Oklahoma, 1909, having provided, "No account shall be allowed by the county commissioners unless the same shall be made out in separate items, and the nature of each item stated, ° ° ° which account so made out shall be verified by affidavit setting forth that the same is just and correct and remains due and unpaid, which account shall be regularly filed with the county clerk five days before the first day of the meeting of the county commissioners," it is essential that such requirements be complied with in order for such board to acquire jurisdiction to allow same.

   (b) An account having been made out in separate items, but not in any way having been verified by affidavit "setting forth that the same is just and correct and remained due and unpaid," although regularly filed with the county clerk five days before the first day of the meeting of said board, jurisdiction was not acquired so as to allow same.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Presley B. Cole, Judge.*

Action by E. N. Allen and others against the board of commissioners of Pittsburg county. From a judgment of dismissal, plaintiffs bring error. Reversed and remanded.

*William H. Fuller* and *George M. Porter,* for plaintiffs in error.

WILLIAMS, J. On the 3d day of February, 1908, the plaintiffs in error filed a claim with the defendants in error. Said claim, though not verified by affidavit setting forth that it was just and correct and remained due and unpaid (section 1659, Comp. Laws Okla. 1909), was filed with the county clerk and registered in the calendar of claims and numbered "60." At its regular session in April it was disallowed, no reason being assigned therefor on the record. Neither was there any evidence heard as to the correctness, etc., of the same. On June 30, 1908, the claim, having been properly verified, was refiled and placed on the calendar as number "280." At its July term said board struck the same from the files, on the ground that it had been previously disallowed and no appeal had been prosecuted from such disallowance. On July 18, 1908, notice of appeal from said order was filed with the county clerk and service thereof duly acknowledged by the chairman of the board of county commissioners. On the same date the plaintiffs in error filed their appeal bond with the county clerk. On the 3d day of May, 1909, defendants having moved to dismiss said appeal on the ground that the prior order had become final, such motion was sustained. That action of the district court is assigned as error.

It is a settled rule that the grant of powers to boards of county commissioners must be strictly construed, because when acting under special authority they must act strictly on the conditions under which the authority is given; that they can exercise only such powers as are specially granted, or as are incidentally necessary for the purpose of carrying into effect such powers; and where the law prescribes the mode which they must pursue in the exercise of such powers. it, as a rule, excludes all other

modes of procedure. *Sioux City & Pacific R. R. Co. v. Washington County, etc.,* 3 Neb. 30; *The People v. Commissioners of Buffalo County,* 4 Neb. 150; *Board v. Gregory,* 42 Ind. 32; *State v. Board,* 101 Ind. 69; *Maxwell v. Board of Commissioners,* 119 Ind. 20, 19 N. E. 617; *Osterhoudt v. Rigney et al.,* 98 N. Y. 232. See, also, *East Tennessee R. Co. v. Southern Telegraph Co.,* 112 U. S. 306; *Sheldon v. Sill,* 8 How. 441; *Shelby v. Bacon,* 10 How. 56; *Murray v. American Surety Co.,* 17 C. C. A. 138, 70 Fed. 341; *Field v. City of Shawnee,* 7 Okla. 73, 54 Pac. 318; *Board of Commissioners v. Watson,* 7 Okla. 174, 54 Pac. 441.

In *Osterhoudt v. Rigney et al., supra,* it is said:

"But boards of audit in allowing accounts are limited to the powers conferred upon them by the statute; and when they transgress these limitations, their acts, like those of any other tribunal of limited jurisdiction, are void. If, for example, a board of town or county auditors should allow a claim which was plainly neither a town nor county charge, its determination would be void, for the reason that such charges only are within its jurisdiction. (*People v. Lawrence,* 6 Hill. 244; *Supervisors, etc., v. Ellis,* 59 N. Y. 620.) The same result would follow if the account presented and allowed was one which the board, by reason of the omission of some indispensable condition, had no right to consider. For example, the statute declares that *no account* shall be audited by town auditors for any services and disbursements *unless made out in items and verified by the claimant.* (Italics ours.) (Laws of 1847, chap. 490.) The statutes regulating the manner of auditing accounts of overseers of the poor, prescribes that no credit shall be allowed for moneys paid, unless it shall appear that such payment was made pursuant to a legal order of a justice of the peace. (1 R. S. 627, sec. 52.) The object of these provisions is the protection of taxpayers against false and fraudulent claims, and are clearly mandatory upon the board. A plain disregard by a board of audit of these provisions would render its action a nullity, and a charge so created would, we think, constitute waste and injury within the act of 1872."

See, also, *Vogt v. Bexar County et al.,* 5 Tex. Civ. App. 272, 23 S. W. 1044, 16 Tex. Civ. App. 567, 42 S. W. 127.

The claim not having been verified as the statutes required

(sec. 1657, Comp. Laws 1909), a jurisdictional requirement was lacking. A charge of perjury could be predicated upon such affidavit. This requirement was evidently intended as a protection to the taxpayers against the presentation of false claims. In this state in order to procure from a county the money on a false claim, one has to incur the risk of undergoing the pains and penalties of perjury.

It follows that under such circumstances there could be no adjudication and the plaintiffs in error having subsequently verified and refiled said claim, it was then properly before the board of commissioners for allowance or disallowance. *Smith v. Board of Commissioners of Rogers Co.,* 26 Okla. 819, 110 Pac. 669.

The judgment of the lower court is accordingly reversed and remanded, with instructions to consider said appeal.

All the Justices concur.