**FOLEY et al. v. STATE ex rel. KING, Atty. Gen.**

No. 21854. Opinion Filed May 24, 1932.

Turner & Turner, C. H. Tully, H. B. Paris, Carl W. Gust, and J. H. Gordon, for plaintiffs in error.

J. Berry King, Atty. Gen., and Jess L. Ballard, Asst. Atty. Gen., for defendant in error.

McNEILL, J. This is an appeal from the judgment of the district court of McIntosh county wherein the state of Oklahoma instituted an action to enforce specific performance of an alleged contract whereby the Jefferson Highway Bridge Company, a corporation, agreed to convey its property used as a toll bridge over the South Canadian river connecting Pittsburgh and McIntosh counties when it had received from its operation sufficient money to pay the costs of construction, cost of operation, and interest upon the moneys involved. The trial court rendered judgment decreeing specific performance of the contract sued on and directing that the defendants convey to the state of Oklahoma all the right, title, and interest held by defendants as trustees of the Jefferson Highway Bridge Company in and to the toll bridge property in question. The court also made permanent the temporary injunction issued at the commencement of the action and enjoined the defendants from further operating said property as a toll bridge.

It appears that the Jefferson Highway Bridge Company was organized and created under the laws of this state in the year 1917, for the purpose of building, erecting, and operating and maintaining a toll bridge over and across said South Canadian river between said counties, which bridge was completed and open to traffic as a toll bridge on or about April 14, 1920. The highway served by this bridge was a part of the Jefferson Highway, now a part of the road system of State Highway No. 6, Federal Aid No. 9, and U. S. Highway No. 73. After the completion of said bridge, efforts were made to procure federal aid in the improving of the highway serving this bridge, without success, as the federal authorities declined to give financial assistance and aid to projects on highways served by bridges not free from tolls.

The Ninth Legislature of the state of Oklahoma enacted Senate Joint Resolution No. 11, chapter 253, Session Laws 1923, whereby the Commissioner of Highways of the state of Oklahoma was authorized and designated to make and enter into a contract with the said Jefferson Highway Bridge Company to the effect that, when the bridge company had received and collected by way of income from tolls an amount sufficient to pay the original cost of the bridge, plus six per cent. interest, insurance, upkeep, operating expenses, and taxes, said bridge should then become free from tolls and be conveyed by said bridge company to the state of Oklahoma.

Thereafter, on March 28, 1923, a contract was made containing the provisions set out in said Joint Resolution No. 11, supra, which was executed by the state of Oklahoma, through the Commissioner of Highways, and by said bridge company. It also appears that, after the execution of this contract, the bridge company on its application was relieved of payment of all taxes

on said bridge from the year 1923 to the time of the institution of this suit; that the basis for such a demand was by reason of the terms and conditions of the contract, supra. Thereafter federal aid was secured, and large sums both state and federal were expended for improvement of the highway serving said bridge. To accelerate the time when the bridge would be free from toll and become the property of the state of Oklahoma, the bridge company was permitted to charge $1 as the minimum toll rate. The bridge company, after making the aforesaid contract, began liquidation of its corporate affairs, used the money derived from the operation of said contract to pay the bonded indebtedness of said corporation, and subsequently distributed funds to its stockholders. The bridge company received and collected, as income from tolls, an amount sufficient to pay the original cost of the bridge, plus six per cent. interest, upkeep, and operating expenses. Demand was made for aforesaid conveyance, which was refused. The bridge company failed to pay its annual state corporation license tax. Its charter was forfeited and canceled by the Corporation Commission and said corporation became defunct.

The pertinent issues presented center around the aforesaid contract, as to whether it is binding and enforceable, and, if binding, whether its terms have been complied with. The defendants, being the plaintiffs in error, contend that the contract is void; that it is unilateral, void for lack of mutuality, and not supported by a sufficient consideration; that the matters pleaded are not sufficient to estop defendants from setting up this invalidity; that the contract was the franchise of the bridge company; and constituted the consideration for the building and dedication of said bridge on the part of the bridge company; that said Senate Joint Resolution No. 11 is unconstitutional; that the same is in violation of subdivisions "b" and "e," section 46, article 5, and section 32, article 5, of the Constitution, in that said law is a special or local law, not having been published prior to its passage; that the state abandoned and refused to carry out the terms of its contract; that its purpose in making the same was to obtain federal aid upon this highway; and that the evidence was insufficient to show that the defendants have been paid the amount specified in the contract.

The state contends that the defendants are estopped to raise the constitutionality and legality of the contract; that they are estopped by reason of the lobbying for the enactment of the bill and by reason of the benefits received from the act; that the act was legal and binding; that the contract was also valid and enforceable; that there was a sufficient consideration for the contract; that the bridge company received a return of its investment with interest, exemption from taxation, the development of the road, which served the toll bridge, and thereby increased the business of the bridge company; that the state suffered a detriment in that its traveling public and users of the bridge were compelled to pay excessive toll charges to permit the bridge company to have its investment returned to it, and the further detriment by the failure to receive taxes on same from the year 1923 to 1928, inclusive; that it was a benefit received by the bridge company to operate this gigantic business free from taxation during this period.

It is admitted that there was no publication of this ordinance. The act provides for the acquirement of the property in question by the state through the Commissioner of Highways. There is no constitutional inhibition against the state having the inherent right to acquire property of this kind and character. The authorization to make a contract for the acquiring of such property must be under authority of law. Allen v. Board of Commissioners of Pittsburg County, 28 Okla. 773, 116 P. 175; National Surety Co. v. Sand Springs State Bank, 74 Okla. 176, 177 P. 574. A bridge is an essential part of the highway. See Grove Bridge Co. v. State, 133 Okla. 115, 271 P. 846. Under article 16 of the Constitution, the Legislature is authorized to provide for the building and maintaining of public roads. The building of public highways is not a matter affecting a particular locality or the inhabitants thereof, and laws pertaining to same are not local or special, because such public road or bridge affects and serves the public at large and pertains to a question in which the entire state is interested. These are not questions of local concern, but deal with the general public interest, state and national. See Coyle v. Smith, 28 Okla. 121, 113 P. 944; Leatherock v. Lawter, 45 Okla. 715, 147 P. 324; Moreton v. Haggerty (Mich.) 216 N. W. 450; Fitzsimmons & Galvin v. Rogers (Mich.) 220 N. W. 881; State ex rel. Burford v. Fearnside (Fla.) 100 So. 256; Martin County v. Wachovia Bank & Trust Co. (N. C.) 100 S. E. 134.

From this record it appears that the defendants actively participated in the enactment of the aforesaid Resolution No. 11, and counsel for plaintiff urge that the defendants are estopped to raise the constitu-

tionality and legality of the contract entered into by reason of the passage of said act. It appears undisputed that defendants did participate and urge the passage of the act in question and procured from the State Board of Equalization a ruling under which the bridge company was exempted from taxation because of the aforesaid contract. The record also shows that the bridge company received a sum sufficient to retire $63,500 worth of bonds, plus six per cent. interest, and distributed $163.000 to its stockholders. The original stock of said company was approximately $75,000. The company received not only six per cent. return on its investment, but the investment itself.

In 6 R. C. L. 95, it is said:

"A person in any way procuring the passage of an act is generally considered as estopped and as not being entitled to question its validity. It is not necessary in order to work an estoppel that active efforts should have been made to secure the passage of the statute in question."

See, also, Ferguson v. Landram, 5 Bush (Ky.) 230; American Decisions, 96, page 350; also Hoertz v. Jefferson Southern Pond Draining Co. (Ky.) 84 S. W. 1141; Andrus v. Board of Police of Opelousas (La.) 6 So. 603; Shepard v. Barron, 194 U. S. 553.

It is our opinion that the defendants are estopped to attack the validity of the act and contract and the power or authority to make it in the instant case in the absence of any pleading of mistake or fraud.

Counsel for defendants urge that the contract is unilateral and lacks consideration. We are of the opinion that this contention is without support. The state had charge of the public highway in question, including the bridge. On the strength of said contract it permitted and encouraged large expenditures of money, state and federal, to be made on the highway in the way of improving, hard-surfacing, making and designating this particular road as a part of the national road system served by this toll bridge, thereby increasing the travel, and the tolls resulting therefrom, all to the benefit of the toll bridge company. The company was relieved from taxation since the year 1923, through the State Board of Equalization, on the strength of the contract in question, whereby the bridge company agreed to transfer its property to the state upon the receipt of the moneys mentioned therein. The state had a right to subject this bridge to taxation at its full taxable value. Kansas, O. & G. R. Co. v. Johnston, 136 Okla. 301, 278 Pac. 271.

There was a good and valuable considera-

tion for said contract. Section 5019, C. O. S. 1921. The instrument itself imports consideration. The burden of showing want of consideration sufficient to support an instrument is upon the party seeking to invalidate or avoid it. Section 5027, C. O. S. 1921. It is our conclusion that the company has been generously recompensed and sufficient detriment suffered by the state to support a good and valuable consideration for said contract.

The question has been presented that the defendants did not receive the full amount under the contract. The statements of the accountants were before the courts, and the trial court found against the contention of the defendants, and, in the absence of any showing specifically pointed out in the briefs wherein the trial court erred in this respect, we consider it unnecessary to review this phase of the record. Other minor questions have been presented in the briefs of counsel, which we need not discuss. Suffice it to say, we conclude that the judgment of the trial court should be, and the same is hereby, in all things affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1), annotation in 59 L. R. A. 251; 20 L. R. A. (N. S.) 571; 22 L. R. A. (N. S.) 135; 4 R. C. L. 195; R. C. L. Perm. Supp. p. 1074; R. C. L. Pocket Part, title Bridges, § 3; 13 R. C. L. 121. (2), 13 R. C. L. 79; R. C. L. Perm. Supp. p. 3313; R. C. L. Pocket Part, title Highways, § 70.