CHILDERS, State Auditor, v. WEST PUBLISHING CO.

No. 31687.  March 13, 1945.

*156 P. 2d 809.*

Randell S. Cobb, Atty, Gen., and Paul Pugh, Asst. Atty. Gen., for plaintiff in error.

W. R. Wallace, of Oklahoma City, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Oklahoma county granting a peremptory writ of mandamus against C. C. Childers, State Auditor, commanding him to issue state warrant against funds in the state treasury appropriated under House Bill No. 519, Eighteenth Legislature of Oklahoma, S.L. 1941, p. 457, in favor of the West Publishing Company.

Under said act of the Legislature the West Publishing Company was authorized, empowered and directed to compile, codify and annotate the "Oklahoma Statutes, 1941," according to specifications therein set forth, and the State Board of Affairs was authorized, empowered and directed to enter into a contract with said publishing company, subject to approval of said Statutes by the Justices of the Supreme Court of Oklahoma, as provided in section 7 of this act, for the purchase of two thousand volumes for distribution according to provisions of the act, for which the publishing company should be paid the sum of $14,000, the amount involved in this action.

This appeal of the State Auditor is based upon three propositions: (1) That the act granted exclusive and special privileges to said publishing company repugnant to article 5, sec. 51, of the Oklahoma Constitution; (2) that it is a special law passed by the Legislature where a general law could have been made applicable, and is repugnant of article 5, section 59, of the State Constitution; and (3) that it violates article 5, sec. 32, of the State Constitution, for the reason that notice of intention to introduce bill for enactment of special law was not. published, and proof of the publication filed with the Secretary of State.

The position of the State Auditor is untenable under the facts in this case for the reason that the act contains no language which in our opinion can be reasonably construed as granting the West Publishing Company an exclusive right or privilege, or any right or privilege which may not be exercised or enjoyed by any other publisher. The mere fact that it authorized the State Board of Affairs to purchase a limited number of volumes for the state does not characterize the legislation as granting an exclusive right or privilege. It contains no provision which makes the revised edition prepared by the West Publishing Company the only publication cognizable by the courts.

Under the proposition plaintiff in error relies on the case of The Guthrie Daily Leader v. E. D. Cameron, 3 Okla. 677, 41 P. 635, wherein the Territorial Supreme Court held void section 25, ch. 4, S.L. 1895, as being in conflict with an act of Congress approved July 30, 1886, 24 Statutes at Large, 170, prohibiting territorial legislatures from "granting to any corporation or individual or association any special or exclusive privilege, immunity or franchise whatever." Said section 25, supra, provided as follows:

"All printing, binding, stereotyping and stationery of whatsoever character, which is paid for out of the territorial treasury, the treasurer of the board of regents of any territorial institution, or from the territorial school land fund, shall be·done and furnished by the State Capital Printing company of Guthrie, Oklahoma, and every territorial officer having work of this nature to be done, or stationery to purchase, shall furnish

the copy to and have the same done and furnished by the State Capital Printing Company, and such printing shall be paid for at the price established by the government of the United States through the printed instructions of the Secretary of the Interior to the Secretary of the Territory for territorial printing, unless the price is otherwise established by the Territorial Statutes.

"All proclamations and notices issued by the Governor and other territorial officers to be paid for out of the territorial treasury, the treasury of the board of regents of any territorial institution, or the territorial school land funds, shall be published in the Daily and Weekly Oklahoma State Capital, of Guthrie, Oklahoma, . . ."

Section 25, supra, is a fair example of an exclusive right or privilege forbidden by article 5, sec. 51, of the Oklahoma Constitution, but is not applicable to the facts in this case.

Under defendant's second proposition it is contended that the enactment is a special law. We are unable to agree with this interpretation of the statute, for the reason that the revision of the statutes is a matter of general public interest, and is not special or local in application. The fact that it directs a particular agency to do a certain thing does not characterize it as such. It may be observed that a contrary view was expressed by this court in the case of Foley et al. v. State ex rel. King, Attorney General, 157 Okla. 202, 11 P. 2d 928, in language as follows:

"Under article 16 of the Constitution, the Legislature is authorized to provide for the building and maintaining of public roads. The building of public highways is not a matter affecting a particular locality or the inhabitants thereof, and laws pertaining to the same are not local or special, because such public road or bridge affects and serves the public at large and pertains to a question in which the entire state is interested. These are not questions of local concern, but deal with the general public interest, state and national."

The duty of revising, digesting and promulgating the statutes is placed upon the Legislature by the affirmative, mandatory direction of article 5, sec. 43, of our State Constitution, and the details involved are purely a legislative matter which will not be disturbed by the courts unless clearly in conflict with other controlling provisions of the Constitution.

The defendant's third proposition must fall with his second proposition above discussed, for the reason that the statute in question is held to be general and not local or special, and publication of notice of intention to introduce the bill prior to its adoption is not required.

The judgment is affirmed.

OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.