SPANN et al. v. CRESSWELL et al.

No. 32390. Jan. 21, 1947.

*176 P. 2d 803.*

Harley Ivy and W. L. Anderson, both of Waurika, for plaintiffs in error.

Wm. T. Powell, of Walters, for defendants in error.

DAVISON, V.C.J. In January, 1931, the county superintendent of Cotton county made an order under section 6771, O.S. 1931 (70 O.S. 1941 §31), attaching school district No. 109 to school district No. 101 in which order the exception or reservation was made that "the schoolhouse (district No. 109) as it now stands to remain on the present location to become a church and community meeting place." In 1945 the school board of the annexing district decided to sell the building at public sale and gave notice of such sale. Plaintiff, a resident taxpayer of the annexed district, filed this action seeking an injunction restraining the school board of the annexing district from selling the building. The trial court granted the injunction, and the defendants have appealed.

The only question presented by this appeal is whether or not the county superintendent in changing the boundaries of a school district under the power granted by section 6771, supra, had the authority to make the reservation or restriction contained in the order of annexation.

At the time of the county superintendent's order changing the boundaries of the school district the above statute was in effect and he acted by reason of the authority therein granted.

Since shortly after statehood this court has held that "the grant of powers to boards of county commissioners must be strictly construed, because when acting under special authority they must act strictly on the conditions under which the authority is given; that they can exercise only such powers as are especially granted or as are incidentally necessary for the purpose of carrying into effect such powers; . . ." Allen et al. v. Board of Com'rs of Pittsburg Co., 28 Okla. 773, 116 P. 175. The same rule applies to the power granted county superintendents to change school district boundaries.

In the present case the county superintendent attempted to include in his order changing the school district boun-

daries the restriction heretofore mentioned. No statute has been called to our attention, nor do we know of one, giving him the authority to make such a restriction. Has his order been properly attacked at the time and in the manner provided by law, it would have been held void. School District No. 84 of Pottawatomie County et al. v. Asher School District No. 112 et al., 168 Okla. 282, 32 P. 2d 897. His order then, becoming final, was binding and took effect only insofar as he had statutory authority to act. He had statutory authority to change school district boundaries, but no authority to attach reservations or restrictions thereon.

Upon the county superintendent's making the order of annexation, the annexing district became the owner of the school district property as provided by statute and could dispose of it in any legal manner, and should not have been enjoined from so doing.

The injunction is dissolved and the trial court is directed to dismiss the action.

HURST, C.J., and OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.