Non-Profit Water Authority — County Aid It is not a lawful expenditure of county funds for the Board of County Commissioners to employ county personnel and use county equipment to assist a non-profit water authority by gratuitously building a retention pond which will actually consist of moving approximately 23,000 cubic yards of dirt and forming of a pond retention dam. The Attorney General has had under consideration your request for an opinion as of April 18, 1969, wherein you, in effect, stated the following facts: Prior hereto The Pittsburg County Water Authority was created by several smaller towns in Pittsburg County. The purpose of the non-profit water authority is, among other things, to build, maintain and operate a water filtration and purification plant on Lake Eufaula, transport that water to Hartshorne and Haileyville and sell there in bulk to those cities for distribution by the city in city's mains; to furnish water to one or more rural water districts. This authority is currently funded by means of self-liquidation bonds in part, and in part by a grant from the Federal Government. The bids on the original plans were in excess of the estimates and it has become necessary to omit the retention pond from the bids in order to stay within the estimates and funds available. And in connection with said facts, you asked the following two questions: "Is it a lawful expenditure of county funds for the Board of County Commissioners to employ county personnel and use county equipment to assist a non-profit water authority by gratuitously building a retention pond which will actually consist of moving approximately 23,000 cubic yards of dirt and forming of a pond retention dam? "Can this work be done and the county at some future date receive compensation from the water authority?" Your attention is directed to 19 O.S. 1 [19-1] (1961), which provides the powers of a county as follows: "Each organized county within the State shall be a body corporate and politic and as such shall be empowered for the following purposes: "1. To sue and be sued. "2. To purchase and hold real and personal estate for the use of the county, and lands sold for taxes as provided by law. "3. To sell and convey any real or personal estate owned by the county, and make such order respecting the same as may be deemed conducive to the interests of the inhabitants. "4. To make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of corporate or administrative power. "5. To exercise such other and further powers as may be especially provided for by law." Title 19 O.S. 3 [19-3] (1961), provides in part: "The powers of a county as a body politic and corporate shall be exercised by its Board of County Commissioners. . . ." The general powers of the Board of County Commissioners are set out in 19 O.S. 339 [19-339] (1961), and without quoting such statute, such general powers include: (1) Making all orders respecting the property of the county; (2) to audit the accounts of county officers; (3) to construct and lay out county highways: (4) to furnish necessary office supplies for other county officers; (5) to change the boundaries of townships; and (6) to do and perform such other duties and acts that the Board of County Commissioners may be required by law to do and perform. Thus, we see under the statutes conferring authority on a county and the authority of the Board of County Commissioners, we find no specific powers regarding the expenditure of county funds in the construction of a pond or retention dam for a non-profit water authority. We have checked other provisions of law and find no authority for the county or its governing board, the Board of County Commissioners, to expend county funds for the purpose of building a retention dam for a non-profit water authority. In the case of Allen V. Board of County Commissioners of Pittsburg County, 28 Ok 1.773,116 P. 175, the Court in the first paragraph of the syllabus said: "It is a settled rule of construction that the grant of powers to a board of county commissioners must be strictly construed and that such board, when acting under specific authority, must act strictly on the conditions under which the authority is given, and exercise only such powers as are specially granted, or as are incidentally necessary for the purpose of carrying into effect such powers." It is, therefore, the opinion of the Attorney General that your question be answered in the negative. It is not a lawful expenditure of county funds for the Board of County Commissioners to employ county personnel and use county equipment to assist a non-profit water authority by gratuitously building a retention pond which will actually consist of moving approximately 23,000 cubic yards of dirt and forming of a pond retention dam. The answer to your first question obviates the necessity of answering your second. (W. J. Monroe)