COUNTY ROAD FUNDS CANNOT BE USED TO TRANSPORT PERSONS TO UNIVERSITY HOSPITAL County Commissioners may not use County Road Funds to haul persons to and from University Hospital. The Attorney General has considered your letter of February 2, 1971, wherein you, in effect, ask the following question: "May County Commissioners use County Road Funds to haul persons to and from University Hospital?" Title 69 O.S. 601 [69-601] (1970), provides for county control over all public roads not taken over by the State Highway Commission and requires the County Commissioners to construct and maintain them. This Section continues: "For this purpose the Board of County Commissioners is authorized to use any funds which are in the County Highway Fund, subject to statutory restrictions on the use of any such funds, together with any money derived from any agreement entered into between the Commission and the Federal Government, any counties or any citizen or group of citizens who have made donations for that purpose." A further Section, 69 O.S. 1503 [69-1503] (1970), "Money for use on county roads — County Highway Fund" provides in relevant part as follows: "(a) All monies raised for use on the County Highways in each county, or apportioned to each county for road purposes, from any source, including all funds and monies derived by law, levy, taxation, or apportionment shall, unless otherwise provided by law, be placed in the County Treasury in a fund to be known as the County Highway Fund, to be expended on order of the Board of County Commissioners on County Highways as defined herein, or on State highways within their respective counties, if, in the judgment of the Board of County Commissioners, such expenditures would be just and equitable and for the best interest of the county. "(b) When State or Federal funds are available for assistance in constructing County roads or bridges, the Board of County Commissioners of any county may place on deposit with the Commission such funds from the County Highway Fund, special highway funds and proceeds of county bond issues as may be necessary to obtain such State or Federal funds and the Commission shall have authority to accept such county funds and bond monies and to use the same for the construction of County roads or bridges in the county depositing the fund, pursuant to contract agreement with the Board of County Commissioners of such county; provided, that the proceeds of any county bond issue so deposited with the Commission may be used by the Commission only for the designated purposes for which the bonds were issued." The county highway funds are derived from several different statutory sources. Title 68 O.S. 504 [68-504](d) (1970), apportions 22% of the four cent per gallon excise tax authorized by 68 O.S. 502 [68-502] (1970), to the various counties of the state and 68 O.S. 504 [68-504](d)(2) (1970) provides in relevant part: "The funds so transmitted shall be sent to the respective county treasurers, and by them deposited in the County Highway Fund of their respective counties, to be used by the county commissioners for the purpose of constructing and maintaining county or township highways and permanent bridges in such counties. No part of such fund shall be used for any purpose other than the construction and maintenance of county or township highways and permanent bridges in the county receiving the fund. The said funds received by any county shall not thereafter be diverted to any other county of the State, but such funds shall be expended only under the direction and control of the Board of County Commissioners in the county to which said funds are apportioned. If any part of said funds is diverted for any purpose other than is provided herein, the County Commissioners shall be liable on their bond for double the amount of money so diverted. Provided, that where any state or county highway has been laid out over a road already constructed in any county by the use of money raised from county or township bond issues for the purpose either alone or by the use of Federal State Aid, or both, the County Commissioners may set aside out of the fund apportioned to that county, as provided herein, an amount of money equal to the value of any part thereof, of the interest of such counties or township, or both, in and to such highway or highways, bridge or bridges, so constituting a part of the State Highway System, which amount of money shall be considered by the excise board in reducing the levy for the purpose of retiring the bonded indebtedness and interest thereon of the county, or township, and shall be used for investment or deposit in the same manner as provided by law for the disposition of other sinking fund money." In identical language 68 O.S. 602 [68-602](1)(d) (1970), restricts the uses of the share of the four cent portion of the 5.58 cent special fuel tax levied by 68 O.S. 603 [68-603] (1970), which goes to the County Highway Fund. Another source of funds for the County Highway Fund is the fees collected pursuant to the provisions of 47 O.S. 22 [47-22] (1961), the "Motor Vehicle License and Registration Act". Section 22.2 of the Act provides that a portion of such fees shall be allocated to the counties and: ". . . shall be used for the construction, improvement or repair of highways, except that the county treasurer shall deposit so much of said money in the sinking fund as may be necessary for the retirement of interest and annual accrual of indebtedness created by the issuance of county or township bonds for road purposes, but not to exceed forty percent (40%) of such monies shall be so used." The County Highway Fund receives one-half cent from the additional one and one-half cent per gallon gasoline tax levied by 68 O.S. 516 [68-516] (1970), subject to the restrictions of 68 O.S. 519 [68-519] (1970), as follows in relevant part: "The funds so transmitted shall be sent to the respective county treasurers and by them deposited in the County Highway Fund of the respective counties, to be used by the County Commissioners exclusively and directly for the construction and maintenance of county and township highways and permanent bridges on United States rural free delivery and contract mail routes and school district bus routes, which have been officially designated and mapped by the respective school districts of the respective counties of the State. "(b) It shall be unlawful for the Board of County Commissioners to use such funds for any other purpose, and any Commissioner violating any of the provisions of this Section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not to exceed Five Hundred Dollars ($500.00) and imprisoned in the county jail not to exceed six (6) months; and said Commissioner shall be liable on his official bond for any of said funds expended in violation of the provisions of this Section." Title 68 O.S. 602 [68-602](3) (1970), contains the same wording in restricting the uses of a one-half cent portion of the 5.58 cent per gallon tax provided for by 68 O.S. 603 [68-603] (1970). Several Sections of Title 68 authorize funds to the counties limited to expenditures on bus and mail routes. Both 68 O.S. 523 [68-523] (1970) and 68 O.S. 706 [68-706] (1970), set up a "Special Fund separate and apart from the County Highway Construction Fund" with the revenues: ". . .to be used exclusively by the Board of County Commissioners of said counties for the purpose of constructing permanent bridges and culverts, located on school bus routes and mail routes, and for the surfacing and resurfacing of school bus routes and mail routes in the several counties as hereinafter provided." Title 68 O.S. 604 [68-604] and 68 O.S. 704 [68-704] (1970), provide for similar restrictive uses of proceeds from additional fuel taxes. The county highway fund has two further sources of funds. Title 68 O.S. 1004 [68-1004](c) (1970), provides for the following distribution of a portion of the Gross Production Tax levied by 68 O.S. 1001 [68-1001] (1970): "(c) One tenth (1/10) of the sum collected from each county whence the oil or natural gas and/or casinghead gas, or asphalt or ores bearing uranium, lead, zinc, jack, gold, silver or copper was produced shall be paid to the county treasurer of such county, to be credited by said county treasurer of such county to the County Highway Fund." And 62 O.S. 335 [62-335] (1961), provides, in part, that: "When any money is due any county, city, town or school district in this State from sale, lease or rental or any public property, or royalty, or for compensation for service of public employees or other purpose, it shall be paid over to the lawful treasurer thereof. "The governing board shall have authority to direct by written resolution duly entered in the minutes of its meeting at the time such money is received or prior thereto that such money shall be credited to the fund account from which such property was derived or from which payment has been or will be made for such services rendered or other purposes." Since none of the funds derived from the last two sections are restricted, it is reasonable to assume that they may be used for the general purposes for which the County Highway Fund expenditures are authorized according to 69 O.S. 601 [69-601] and 69 O.S. 1503 [69-1503] (1970). The use in question of these funds would only be permissible if the Board of County Commissioners is properly empowered to authorize it. Numerous court decisions in this state have announced the doctrine that the Boards of County Commissioners are limited to powers specifically authorized to them. In Lairmore, et al, v. Board of County Commissioners of Okmulgee County, 200 Okl. 436, 438, 195 P.2d 762, 764, the Supreme Court in quoting In Re Assessment of First National Bank of El Reno, 64 Okl. 208, 209, 166 P. 883,884, said: "It is a well recognized and very general rule that a Board of County Commissioners can exercise only such powers as are conferred upon it by the organic or statutory laws of the state, or such as may arise by necessary implication from an express grant of power." In another case, Allen et al v. Board of Commissioners of Pittsburg County, 28 Okl. 778, 116 P. 175, later upheld in Spann et al v. Cresswell et al, 198 Okl. 151, 176 P.2d 803, the Court had said that the powers granted to the: "Boards of County Commissioners must be strictly construed because when acting under special authority they must act strictly on the conditions under which the authority is given." Kurn v. Helm, 182 Okl. 260, 267, 77 P.2d 552,560, among other cases, has applied this general rule specifically to the allocation of county funds. It is clear from this language that in the absence of express provision, applying County Road Funds to the transportation of question. Title 19 O.S. 324 [19-324](a) (1970), which provides for traveling expenses for commissioners contains no authorization for such use of funds. An Attorney General's opinion rendered on June 5, 1959, in construing Section 19 O.S. 324 [19-324](a), stated that County owned vehicles could not be used nor could expenses be paid" in connection with transporting people of a county (or others) to hospitals in Oklahoma City, or elsewhere." Although later amended, 19 O.S. 324 [19-324](a) (1951) contained a provision authorizing "emergency" uses identical to the present one, so this provision cannot now be construed to justify the activities in question. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. County Commissioners may not use County Road Funds to haul persons to and from University Hospital. (Marvin C. Emerson) ** SEE: OPINION NO. 92-599 (1992) ** ** SEE: OPINION NO. 71-285 (1971) ** ** SEE: OPINION NO. 71-294 (1971) **