COUNTY COMMISSIONERS — USE OF PUBLIC FUNDS (1) The Boards of County Commissioners cannot expend public monies for the purchase of insurance for general public liability covering the County Court House (2) Boards of County Commissioners may expend funds appropriated to the charity fund of the county to purchase blood for those inhabitants of the county, who, by reason of age, infirmity or misfortune, may have claims upon the aid of the county. The Attorney General has received your request for an opinion wherein you in effect ask the following questions: "(1) Can Boards of County Commissioners expend public monies for the purchase of insurance for general public liability covering the County Court House? (2) Can Boards of County Commissioners expend funds appropriated to the charity fund to purchase blood for those inhabitants of the county, who, by reason of age, infirmity or misfortune, may have claims upon the aid of the county? The only statute authorizing the purchase of liability insurance is Title 11 O.S. 16.1 [11-16.1] (1971), which provides: "The governing board or body of any county, city, town, school district or soil conservation district owning motorized movable equipment and lawfully operating or moving the same upon any highway, road, street or alley is hereby authorized to and may, at its option, purchase insurance for the purpose of paying damages to persons sustaining injuries or damages to their properties proximately caused by the negligent operation of motor vehicles or motorized equipment in the course of their operation as such." These provisions expressly limit the authority to purchase liability insurance to that covering the "negligent operation of motor vehicles or motorized equipment". Title 19 O.S. 627 [19-627] (1971), authorizes the Boards of County Commissioners to insure public buildings and property against destruction or loss. Such authority is not extended to liability coverage, however. Allen, et al v. Board of Commissioners of Pittsburg County,28 Okl. 773, 116 P. 175, held: "It is a settled rule that the grant of powers to Boards of County Commissioners must be strictly construed, because when acting under special authority, they must act strictly on the conditions under which the authority is given; that they can exercise only such powers as are especially granted, or are as incidentally necessary for the purpose of carrying into effect such powers . . ." Lairmore v. Board of Commissioners of Okmulgee County, 200 Okl. 436, 195 P.2d 762, accordingly held that the Board of County Commissioners can exercise only such powers as are expressly conferred by organic or statutory law or such as may arise by necessary implication thereof. Shaw v. Grumbine, 137 Okl. 95, 278 P. 311, applies the same rule to public officers generally. See also: Brown v. State Election Board, Okl., 369 P.2d 140, and Tulsa Exposition and Fair Corporation v. Board of County Commissioners of Tulsa County, Okl., 468 P.2d 501. Chicago, Rock Island 
Pacific Railroad Company v. Board of County Commissioners of the County of Stephens, Okl., 389 P.2d 476, held: ". . . The question here is 'Is a County in Oklahoma liable for the wrongful and negligent acts of its officers or employees in the performance of their public duties? In spite of the very able brief of plaintiff we answer the question in the negative. "The plaintiff desires that we overrule our decisions in which we have held counties immune from liability for the wrongful or negligent acts of its officers, servants and employees. "The Legislature is aware of this problem for in 1953 it passed an Act providing for the purchase of liability insurance by the governing board or body of any county, city, town or school district owning motorized movable equipment and operating same on the highways. (11 O.S. 16.1 [11-16.1] (1971), supra) . . . "Clearly our Legislature has in no way intended to change the rule of this law which has been extant in this State for all these years. "We decline to depart from our position on this question. The immunity of the County in Oklahoma from liability in tort as in this case is something that must be lived with." See also Hazlett v. Board of Commissioners of Muskogee County,168 Okl. 290, 32 P.2d 940. From the foregoing it clearly appears that the Boards of County Commissioners have not been granted, either expressly or impliedly, the authority to procure liability insurance other than for the purpose set forth in 11 O.S. 16.1 [11-16.1] (1971). It further appears that no statutory or constitutional provisions have been enacted subjecting the counties to tort liability for the situation sought to be covered by the liability insurance concerning the purchase of which a question has been raised. Therefore, it must be concluded that the Boards of County Commissioners cannot expend public monies for the purchase of insurance for general public liability covering the County Court House. The Oklahoma Constitution, Article XVII, Section 3, provides: "The several counties of the State shall provide, as may be prescribed by law, for those inhabitants who, by reason of age, infirmity, or misfortune, may have claims upon the sympathy and aid of the county." This provision is the sole authority for the expenditure of public funds for charitable purposes. It will be noted that such expenditures are to be prescribed by law, and are to be restricted to the beneficial use of those inhabitants delineated by the Constitutional provision. They must by virtue of advanced age, infirmity, or misfortune be able to lay claim to the sympathy and aid of the county. The expenditure of county charity funds to purchase blood to aid those inhabitants of the county meeting the requirement of the above provision are authorized by Article XVII, Section 3. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. Boards of County Commissioners cannot expend public monies for the purchase of insurance for general public liability covering the County Court house. It is further the opinion of the Attorney General that your second question be answered in the affirmative. Boards of County Commissioners may expend funds appropriated to the charity fund of the county to purchase blood for those inhabitants of the county, who, by reason of age, infirmity or misfortune, may have claims upon the aid of the county. (Marvin C. Emerson) ** SEE: OPINION NO. 73-163 (1973) ** ** SEE: OPINION NO. 76-299 (1976) **