** Summary ** CORRECTIONS ON HOMESTEAD EXEMPTIONS The Board of Tax-Roll Corrections is authorized under 68 O.S. 2479 [68-2479] (1971), to issue an order accomplishing the correction of an error relating to the improper allowance of homestead exemption. Attorney General has received your request for an opinion wherein you in effect raise the following question: Does 68 O.S. 2479 [68-2479] (1971), authorize the Board of Tax-Roll Corrections to issue an order accomplishing the correction of an error relating to the improper allowance of homestead exemption? The Attorney General is informed by your letter that the problem giving rise to this question has its origin in a factual setting which may be illustrated by the following hypothetical situation: Party A (transferor) enters into a contract providing for the sale of real property to Party B (transferee). The transfer is accomplished only a few weeks prior to the first day of January of the taxable year. Party B does not file an application for homestead exemption. At the conclusion of the taxable year Party A receives a statement for the personal property taxes due on the transferred real property. Party A thereupon files application with the Board of Tax-Roll Corrections pursuant to the provisions of 68 O.S. 2479 [68-2479] (1971), in which he properly contends that he was erroneously assessed for the personal property taxes for the reasons above noted. The County Assessor responds by filing an application with the Board of Tax-Roll Corrections in which he contends that inasmuch as Party B could not file an application for homestead exemption within the allowable period provided in 68 O.S. 2409.1 [68-2409.1] (1971), homestead exemption was erroneously allowed. The Board of Tax-Roll Corrections grants both applications, and issues certificates of error removing the personal property tax assessment as to Party A and disallowing homestead exemption as to Party B. Your question implies that the erroneous allowance of homestead exemption was not detected prior to the delivery of the tax rolls to the County Treasurer. Otherwise, as may be observed in the following language, the procedures set forth in 68 O.S. 2479 [68-2479] (1971), are not required. That statute provides in pertinent part: "After delivery of the Tax Rolls to the County Treasurer of any county, no correction or alteration as to any item contained therein as of such date of delivery shall ever be made, except by the County Treasurer and on authority of a proper certificate authorized by law." A "proper certificate authorized by law" is identified by the following language in the same statute: "(T)hen in either or any such event, it shall be the duty of the Board of Tax-Roll Corrections to make and the Secretary to enter its findings of fact and to correct such error, if such exists, by issuing its order, in words and figures, to accomplish such correction, whereupon the County Clerk shall issue a certificate of error to the County Treasurer . . ." (Emphasis added) The question raised plainly turns on the scope of authority vested in the Board of Tax-Roll Corrections. Section 68 O.S. 2479 [68-2479] provides that the Board of Tax-Roll Corrections: ". . . is hereby authorized to hear and determine allegations of error, mistake or difference as to any item or items so contained in said Tax Rolls, in any instances hereinafter enumerated, on application of any person or persons whose interest may in any manner be affected thereby, . . . or upon discovery by the County Treasurer or Assessor before the Tax has been paid or attempted to be paid and disclosure by statement of fact in writing signed by said Treasurer or Assessor and verified by the Assessor or Treasurer as the case may be; . "If, upon such hearing, it appears that:" (Emphasis added) This language authorizes the Board to act only upon application of a party whose interests may in any manner be affected by an alleged "error, mistake or difference," or upon the filing of such an application by the County Treasurer or Assessor "before the tax has been paid or attempted to be paid." It will be observed that the authority of the Board is in no manner affected by whether or not a given order results in an increased assessment. The Board does not have the authority to issue a certificate upon any error which an applicant might allege. The error alleged must be among those enumerated in Section 2479. Allen, et al. v. Board of Co Commissioners of Pittsburg County, 28 Okl. 773,116 P. 175, held that the grant of powers to the Boards of County Commissioners was to be strictly construed, and that they can exercise only such powers as are especially granted or as are incidental thereto. This same rule has been applied to public officers generally. See Shaw v. Grumbine, 137 Okl. 95, 278 P. 311; In regard to 68 O.S. 2479 [68-2479] (1971), it has been held that the authority to hear and determine errors in the tax rolls is strictly limited to the instances enumerated in the statute. See Bostick v. Board of Commissioners, 19 Okl. 92, 91 P. 1125, Milan v. Smith-Mauer Brothers, 38 Okl. 328, 133 P. 33, State v. Moreland, 152 Okl. 37, 3 P.2d 803. This view is implicit in the following language contained in Parkinson v. Valente, Okl., 326 P.2d 826 (1958): "Our statute establishing the Board of Tax-Rolls Corrections, 68 O.S. 184d [68-184d] (1951), was first enacted in 1949. Prior to the creation of this Board, in 1945, the authority of the Board of County Commissioners to hear and determine error in the tax rolls was increased from the limited authority which had existed for many years to some twelve specific situations authorizing relief by that Board. Session Laws 1945, p. 257, 1. Among the new provisions enacted in 1945 were 68 O.S. 184d [68-184d](9) (1945), which granted authority to the commissioners to correct the tax rolls where an assessment had been increased but notice of the increase had not been given to the taxpayer. When the Board of Tax-Roll Corrections was created in 1949 this provision was carried forward as one of the seventeen specific situations upon which that Board could act . . ." Viewed in the context of these decisions, 68 O.S. 2479 [68-2479] (1971), necessitates the conclusion that the Board of Tax-Roll Corrections is authorized to hear and determine an allegation of error only if it falls within one of the seventeen instances enumerated in that statute. Thus, the answer to the question raised turns on whether the removal of homestead exemption is covered by one of the enumerated instances. Making this determination requires only a consideration of the following instance: "(14) There be any error in the tax extended against the valuation entered, whether by erroneous computation or otherwise; or" (Emphasis added) This language authorizes the Board of Tax-Roll Corrections to correct "any error in the tax" which has been applied against the valuation. It is not delimiting as to type of error which must obtain. It may be a computative error "or otherwise." 68 O.S. 2407 [68-2407] (1971), provides that homesteads shall be assessed in the same manner as other real property except for the statutory exemption. It is plainly contemplated that the valuation shall precede the computation of the tax to be extended. Further, implicit in the language contained in Section 68 O.S. 2407 [68-2407] is the view that homestead exemption is an indispensible factor in the computation of the tax to be extended against the valuation. Hence, if homestead exemption has been erroneously allowed, there has indisputably been an error in the tax extended against the valuation. Such an error is statutorily sufficient to authorize the Board of Tax-Roll Corrections to entertain an application thereon. Under the factual situation you have presented, there would appear to be no question that whenever the Board of Tax-Roll Corrections issues an order resulting in the removal of homestead exemption which was erroneously allowed, an increased assessment necessarily results. The fact that such an increase does result, however, in no way impairs the validity of the order. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Board of Tax-Roll Corrections is authorized under 68 O.S. 2479 [68-2479] (1971), to issue an order accomplishing the correction of an error relating to the improper allowance of homestead exemption. (MARVIN C. EMERSON)