The BOARD OF COUNTY COMMISSION-
ERS OF the COUNTY OF TULSA, Okla-
homa, and the County Clerk of Tulsa
County, Oklahoma, Petitioners,

v.

GUARANTY LOAN AND INVESTMENT
CORPORATION OF TULSA, INC.,
a Corporation, Respondent.

No. 45348.

Supreme Court of Oklahoma.

May 16, 1972.

S. M. Fallis Jr., Dist. Atty., by Marvin
E. Spears, Asst. Dist. Atty., Tulsa, for pe-
titioners.

Woodson & Gasaway, by Don E. Gasa-
way, and Ernest A. Bedford, Legal Intern,
Tulsa, for respondent.

JACKSON, Justice:

The parties will be referred to as they
appeared in the trial court. Guaranty
Loan and Investment Corporation of Tul-
sa, Inc., plaintiff, filed its petition in the
trial court against the Board of County
Commissioners and the County Clerk of
Tulsa County, hereinafter referred to as
defendants. (Plaintiff also named the

County Clerk in his individual capacity as a defendant, but such individual is not named or mentioned in the certified question and he will not be further noticed herein.)

The allegations of the petition were substantially as follows: The County Clerk failed to properly maintain a direct and inverted index of mortgages in his office. The index did not show a certain real estate mortgagee which had been filed in his office on June 26, 1968. Plaintiff examined the index on January 20, 1970, and in reliance thereon made a loan to the owner of the real estate. Thereafter plaintiff sustained damages because of the earlier recorded mortgage.

Defendants filed demurrers to the petition which were overruled by the trial court. The trial court then certified the following question for our review.

"Does 19 O.S.1961, Section 287 et seq., create a liability and waive the immunity of Tulsa County, Oklahoma, the Board of County Commissioners of Tulsa County, Oklahoma, and/or the Tulsa County Clerk for any alleged violation, breach and/or negligence of the County Clerk in tending to his duties as provided within said sections."

In its brief plaintiff cites 19 O.S.1961, § 6 and states that a judgment, if rendered herein against the Board of County Commissioners or against the County Clerk, should be paid by the County. This is true and therefore the certified question may be limited to deciding whether the county is liable for the County Clerk's alleged negligence.

Defendants cite and rely on Chicago, R. I. & P. R. Co. v. Board of County Com'rs, Okl., 389 P.2d 476, which is determinative. In the Syllabus we held:

"In absence of a statutory or a constitutional provision creating liability therefor, a county is not liable for damages resulting from wrongful or negligent acts or omissions of its officers or employees in the performance of their public duties."

■ Plaintiff attempts to distinguish this case by citing a constitutional provision which it believes would create the county's liability in this case. Plaintiff cites Article 2, § 6 of the State Constitution which provides that there shall be a remedy afforded for every wrong. This argument has been considered and rejected in Hazlett v. Board of County Com'rs, 168 Okl. 290, 32 P.2d 940. We said that this constitutional provision "does not purport to provide a right of action ex delicto against the county."

■ Plaintiff also cites 19 O.S.1961 §§ 1 and 287, and 19 O.S.Supp.1965 § 298 for the assumption that these statutory provisions create the county's liability. 19 O.S. 1961 § 1 provides that a county is empowered "to sue and be sued" and sections 287 and 298 enjoin certain duties upon the County Clerk. A similar argument was made in Consolidated School District No. 1 of Tulsa County v. Wright, 128 Okl. 193, 261 P. 953, in which the plaintiff cited statutes providing that school districts "may sue and be sued" and providing for mandatory duties of school district boards. We held that such statutes did not effect a waiver of sovereign immunity. We said (at p. 954), "But the words 'may sue or be sued' have been held not to authorize an action for negligence, but to refer to suits in respect to matters in the scope of its [the school district's] duties." We also reviewed the statutes requiring school district boards to provide free transportation to and from school for all pupils residing two or more miles therefrom. We made an exhaustive review of cases from Oklahoma and other jurisdictions and of the writings of legal scholars on the subject. We concluded that statutes requiring officers to perform public duties were not the type of statutes which will be said to waive sovereign immunity. We made this plain when we said (at p. 958) " * * * the court declares it to be the law in Oklahoma that, in the absence of *express* statute imposing liability for negligence, there is no liability in a civil action for damages for neglect of public duty." This is the gener-

al rule. 57 Am. Jur. 2d Municipal, Etc., Tort Liability § 86; 20 C.J.S. Counties § 220. In the instant case the duties of the County Clerk to maintain indexes, including a mortgage index, were clearly public duties.

Plaintiff cites 19 O.S.1971 § 137.3 to show (as it argues) "that the Oklahoma Legislature was aware that a county official could be sued for negligence occurring in the operation of the county official's office." This statute which became effective over a year after the negligence alleged in plaintiff's petition is not applicable.

It is our holding herein that 19 O.S.1961, § 287 et seq., does not create a liability and does not waive the immunity of Tulsa County for the alleged violation, breach and/or negligence of the County Clerk in performing the duties required by said sections.

The order of the trial court overruling the demurrers of the defendants is reversed and the cause is remanded with instructions to sustain said demurrers.

BERRY, C. J., DAVISON, V. C. J. and WILLIAMS, IRWIN, LAVENDER and BARNES, JJ., concur.

HODGES and McINERNEY, JJ., dissent.