COUNTY COMMISSIONERS — EASEMENTS FOR PUBLIC UTILITIES By virtue of 69 O.S. 1401 [69-1401] (1971), public utilities have the right to place pipelines under and in the right of way of county roads subject to the consent and rules and regulations of the respective boards of county commissioners. It is not within the power of the county commissioners to grant a permanent easement for the placement of a pipeline within the right-of-way of a county road, however, such pipelines may be appropriately placed by public utilities with the consent of the county commissioners, subject in addition to the relevant statutes and rules and regulations of such county commissioners. Under the laws and case law of the State of Oklahoma, a county is immune from tort liability. The Attorney General has received and considered your letter wherein you request an opinion regarding the following three questions 1. Would a public utility company have the right under existing statutes to place a water line on a county road right-of-way to serve a plant owned by said company? 2. Is it within the power of the county commissioners to grant a permanent easement for such a line within the right of way for a county road? 3. In the event that damage at some future date resulted to the water line from erosion, or from being struck by road equipment while maintaining or reconstructing said road, would the county be liable for such damages? With regard to your first question, 69 O.S. 1401 [69-1401] (1971) provides in relevant part that: "(a) Any public utilities, not otherwise authorized to do so, lawfully operating or doing business in the State of Oklahoma shall have the right to use the public roads and highways of this State as hereinafter provided. "(b) The use of the public roads and highways by such public utilities shall be for the purpose of . . . laying pipes and conduits under the surface thereof. Such . . . pipes and conduits shall be erected, placed, adjusted or laid and maintained only after obtaining the consent of, and under such rules and regulations as shall be prescribed by, the commission as to the state highways system, and the board of county commissioners of the various counties as to roads and highways under their jurisdiction. . . Provided, further, that such . . . conduits and equipment shall be erected, placed, adjusted, laid, constructed and maintained so as not to incommode or endanger the public in the use of its roads and highways. "(c) The failure of such public utility to construct or maintain its . . . conduits, pipelines and equipment upon or under such public highways in full compliance with the rules and regulations promulgated by the commission or the board of county commissioners involved shall forfeit the right of such utility herein granted to use such public highway or highways, and such utility may thereupon be ousted from the use of such highway." Title 69 O.S. 1402 [69-1402] (1971) provides generally that the rights granted by Section 1401 to maintain a pipeline in the public right-of-way shall not be exercised in any manner so as to interfere with the free and ordinary use of said highways by the general public. The preceding sections of Title 69 provide in clear and unambiguous provisions that public utilities may place water pipelines under the public roads, provided that the consent of the boards of county commissioners is given and all rules and regulations prescribed by the county commissioners are followed in the placement of such pipeline. Also, such pipelines must be placed in such a way as to not interfere with the free and ordinary use of the public of their highways. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative. By virtue of 69 O.S. 1401 [69-1401] (1971), public utilities have the right to place pipelines under and in the right-of-way of county roads subject to the consent and rules and regulations of the respective boards of county commissioners. In your second question you ask whether it is within the power of the county commissioners to grant a permanent easement to a public utility for the placement of a water line in the right-of-way of a county road. The powers of the counties to convey interests in real property which they own are set forth in 19 O.S. 1 [19-1] (1971) as follows: "Each organized county within this State shall be a body corporate and politic and as such shall be empowered for the following purposes: "3. To sell and convey any real or personal estate owned by the county, and make each order respecting the same as may be deemed conducive to the interest of the inhabitants . . ." In addition, 19 O.S. 339 [19-339] (1971) provides as follows the general powers of the board of county commissioners: "They shall have the power: First. To make all orders respecting the property of the county, to sell the public grounds of the county and to purchase other grounds in lieu thereof; and for the purpose of carrying out the provisions of this section it shall be sufficient to convey all the interests of the county in such grounds when an order made for the sale and a deed is executed in the name of the county by the chairman of the board of commissioners, reciting the order, and signed and acknowledged by him for and on behalf of the county." The preceding statutes expressly mention the power of the commissioners to sell lands owned by the county. Such sales are, of course, subject to the provisions of 69 O.S. 1971 342 [69-342], 344 and Attorney General's Opinion No. 71-209. However, no express mention is made of any power to grant an easement. It has long been the rule in the State of Oklahoma that the powers of the county commissioners are to be strictly construed. As the Court stated in Allen v. Board of Commissioners of Pittsburg County, 28 Okl. 773,116 P. 175: "It is a settled rule that the grants of powers to the boards of county commissioners must be strictly construed, because when acting under special authority they must act strictly on the conditions under which the authority is given; that they can exercise only such powers as are especially granted, or as are incidentally necessary for the purpose of carrying into effect such powers; and where the law prescribes the mode which they must pursue in the exercise of such powers, it, as a rule, excludes all other modes of procedure." See also Lairmore v. Board of Commissioners of Okmulgee County, 200 Okl. 436, 195 P.2d 762 and Shaw v. Grumbine,137 Okl. 95, 278 P. 311. The view is, in addition, supported by the recent case of Tulsa Exposition and Fair Corporation v. Board of County Commissioners of the County of Tulsa, 468 P.2d 501, wherein the Oklahoma Supreme Court held that under the provisions of 19 O.S. 1971 1 [19-1], supra, that the county commissioners of Tulsa County could not enter into a lease with a private charitable corporation for the operation of a fair on property owned by the county. Therefore it is apparent that the commissioners do not have the express authority to grant a permanent easement for a pipeline under county roadways; however, as previously noted, express authority is given for the placement of pipelines in the county roads' right-of-way subject to pertinent statutes and rules with the "consent" of the boards of county commissioners, by virtue of 69 O.S. 1971 1401 [69-1401], supra. It is, therefore, the opinion of the Attorney General that your second question be answered in the negative. It is not within the power of the county commissioners to grant a permanent easement for the placement of a pipeline within the right-of-way of a county road, however, such pipelines may be appropriately placed by public utilities with the consent of the county commissioners, subject in addition to the relevant statutes and rules and regulations of such county commissioners. In your third question you ask whether the county would be liable for damage to a pipeline placed in the right-of-way of a county road as a result of being struck by county road equipment during maintenance or construction or as a result of erosion. With respect to the maintenance of county roads, 69 O.S. 1403 [69-1403] (1971) provides in relevant part: ". . . The location and removal of any facility placed under rights granted hereunder on county highways shall be under the jurisdiction of the particular board of county commissioners involved insofar as same affects the public travel or interferes with the construction and maintenance of such highway. "(b) Whenever the authority having jurisdiction over a particular highway plans an improvement or construction or reconstruction thereof, and before such work is started, it shall serve a written notice upon the person, firm or corporation owning or maintaining any such facility, which notice shall contain a plan or chart indicating the places on the right-of-way where such facilities may be maintained. The notice shall state the time when the work of improving such highway is proposed to commence, and a reasonable time shall be allowed to the owner of the facility to remove and relocate its property; "(c) The removal and relocation of all such facilities shall be made at the cost and expense of the owners thereof, unless otherwise provided by law or order of the commission, and in the event of the failure of such owners to remove the same at the time set out in the notice, they may be removed by such public authority and the cost thereof collected from such owners, and such authority shall not be liable in any way to any person for the locating or relocating of such facilities at the places prescribed. . . ." Of further relevant interest is 11 O.S. 16.1 [11-16.1] (1971) which provides: "When the operation of said motor vehicles or motorized equipment is a public governmental function, no action for damages shall be brought against any county, city, town . . . owning or leasing or having under their care and custody and operating such motor vehicles or motorized equipment under the provisions of this section, . . ." In addition, the case law of the State of Oklahoma has consistently held that counties are not subject to tort liability for the negligent acts or omissions of its officers or employees in the performance of their public duties. In Chicago Rock Island and Pacific Railroad Co. v. Board of County Commissioners of the County of Stephens, 389 P.2d 476, the Oklahoma Supreme Court specifically held that a county is not liable in tort for the negligent acts of employees in the performance of their public duties. See also Board of County Commissioners of the County of Tulsa v. Guaranty Loan and Investment Corporation of Tulsa, Inc., 497 P.2d 423. It is, therefore, the opinion of the Attorney General that your third question be answered in the negative. Under the laws and case law of the State of Oklahoma, a county is immune from tort liability. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) By virtue of 69 O.S. 1401 [69-1401] (1971), public utilities have the right to place pipelines under and in the right-of-way of county roads subject to the consent and rules and regulations of the respective boards of county commissioners. (2) It is not within the power of the county commissioners to grant a permanent easement for the placement of a pipeline within the right-of-way of a county road, however, such pipelines may be appropriately placed by public utilities with the consent of the county commissioners, subject in addition to the relevant statutes and rules and regulations of such county commissioners. (3) Under the laws and case law of the State of Oklahoma, a county is immune from tort liability. (Steven E. Moore) ** SEE: OPINION NO. 74-138 (1974) **