Dear Honorable Haney,
The Attorney General has received your request for an official opinion asking, in effect:
 Does 53 O.S. 45 (1981) violate Article V, Section 51 of the Oklahoma Constitution by authorizing the Will Rogers Memorial Commission to enter into a contract with the United Daughters of the Confederacy of the State of Oklahoma?
Your question regards whether 53 O.S. 45 (1981) violates Article V, Section 51 of the Oklahoma Constitution. 53 O.S. 45 provides:
 "The said Will Rogers Memorial Commission is hereby authorized to enter into an agreement with the United Daughters of the Confederacy of the State of Oklahoma for a conspicuous and appropriate spot upon lands owned by the State of Oklahoma and under the care and supervision of the said Commission and known and designated as the Will Rogers Memorial grounds . . . and permit the United Daughters of the Confederacy of the State of Oklahoma to move such building upon such spot, and to agree with it on a certain amount of land adjacent to the building for the purpose of beautification by the United Daughters of the Confederacy, and the use thereof for the convenience of visitors to the building, no title to the premises to be vested in the United Daughters of the Confederacy, but simply the right to use the same so long as it is used for the purposes named, and so long as the house is kept in good repair and preserved by the United Daughters of the Confederacy and the ground kept beautified and the place in general kept in an attractive manner."
Article V, Section 51 of the Oklahoma Constitution provides that "[t]he Legislature shall pass no law granting to any association, corporation or individual any exclusive rights, privileges, or immunities within this state."
From a reading of 53 O.S. 45 (1981), it is apparent that no exclusive right, privilege or immunity is granted to the United Daughters of the Confederacy of the State of Oklahoma (hereinafter "Daughters"). The only grant of authority made in the statute is to the Will Rogers Memorial Commission, a state agency, to enter into a contract with the Daughters for the objectives stated. By the very terms of the statute, the contract by the Commission with the Daughters grants them no property right but merely a use so long as the premises are maintained in accordance with the terms of the contract. In addition, the Commission's power to contract is not limited solely to contracts with the Daughters. At 53O.S. 47.2 (1981), the Commission is given general power to enter into contracts for real or personal property in the Commission's name. The mere fact that 53 O.S. 45 authorizes the Commission to enter into a contract with the Daughters does not characterize the legislation as granting an exclusive right or privilege. Childers v. West, 156 P.2d 809
(Okla. 1945). Also, the statute, by its terms, does not prevent the Commission from contracting with other entities for the same purpose.
The prohibition contained in Article V, Section 51 is intended to preserve equality between citizens who are similarly situated. State v.Fletcher, 34 P.2d 595,597 (Okla. 1934); Kimery v. Public Service Co. ofOklahoma, 622 P.2d 1066 (Okla. 1981). Since no inequality between citizens is created by the terms of 53 O.S. 45 (1981), there is no violation of Article V, Section 51 of the Oklahoma Constitution.
It is, therefore, the official opinion of the Attorney Generalthat Title 53 O.S. 45 (1981) does not violate Article V, Section51 of the Oklahoma Constitution since 53 O.S. 45 does not conferany exclusive rights, privileges, or immunities upon any privateperson or entity.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
STEPHEN A. LAMIRAND, ASSISTANT ATTORNEY GENERAL